

Dan Booth Law LLC
60 Thoreau Street #121
Concord, MA 01742
dan@danboothlaw.com

United States District Court
Northern District of Illinois
219 South Dearborn Street, Room 2050
Chicago, Illinois 60604

October 18, 2019

I provide the following information to supplement my motion for leave to appear *pro hac vice* on behalf of the defendant in *Craig v. PopMatters Media, Inc.*, Case No. 1:19-cv-05596.

I have not been the subject of professional discipline in any court or jurisdiction. I have not been denied admission to the bar of any court. I am in good standing in each court or jurisdiction in which I practice.

I began my practice in New York and was admitted to the New York State Bar on September 6, 2007, with registration number 4533725. I voluntarily withdrew from that bar in July 2019 because I had ceased to practice in New York. I moved to Massachusetts in 2007 and was admitted to practice in Massachusetts on June 23, 2008, with registration number 672090. My only practice in a court in New York since that time had been in the matter of *Loanio, Inc. v. Lendio, Inc.*, a trademark infringement action in the United States District Court for the Southern District of New York, Case No. 7:11-03652-KMK, in which I was admitted *pro hac vice*, and which had resolved in 2011.

Earlier this year I was made subject to civil contempt sanctions in a bankruptcy court adversary proceeding in which I had not appeared. On January 14, 2019, in *Hansmeier v. Chowdhury and Booth Sweet LLP*, Adv. No. 16-04124, having found my former firm Booth Sweet LLP and its client Sandipan Chowdhury in contempt, the United States Bankruptcy Court for the District of Minnesota issued a report and recommendation that the United States District Court for the District of Minnesota should enter civil contempt sanctions against the firm, Mr. Chowdhury, my former partner Jason Sweet, and me. On April 25, 2019, the District Court affirmed the contempt findings on appeal and entered the contempt sanctions. *Chowdhury v. Hansmeier*, Nos. 18-cv-3403 and 19-cv-0156. The adversary proceeding and the appeal were both Mr. Sweet's cases. I had not appeared in either case and did not have a significant role in either case, beyond occasionally discussing their status with him. Upon entry of the April 25, 2019 order, I spearheaded our efforts to purge the contempt. The contempt was purged pursuant to a May 31, 2019 settlement agreement between Mr. Hansmeier, Mr. Chowdhury, Mr. Sweet, me, the firm, and the Chapter 7 trustee, which the Bankruptcy Court approved on June 25, 2019. I dissolved Booth Sweet LLP and am no longer associated with Mr. Sweet. The Massachusetts Office of Bar Counsel was informed of and inquired into the matters but has not opened a formal investigation.

Dan Booth Law LLC
60 Thoreau Street #121
Concord, MA 01742
dan@danboothlaw.com



Sincerely,

Dan Booth