IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLEN CRAIG, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> POPMATTERS MEDIA, INC. ) <br> ) <br> Defendant. ) | Case No. 1:19-cv-05596 <br><br> Honorable Ronald A. Guzman |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR COSTS
AND STAY OF PROCEEDINGS PURSUANT TO FED. R. CIV. P. 41(d)**

Richard Liebowitz ("Liebowitz"), counsel for Plaintiff Glen Craig ("Craig"), knew at least a year ago that a copyright infringement action against a Chicago-based corporation must be filed in this Court, by or with local counsel. But he initiated this action against Defendant PopMatters Media, Inc. ("PopMatters") downstate, in the United States District Court for the Southern District of Illinois (the "Southern District"), where PopMatters was not subject to personal jurisdiction or venue. *Craig v. PopMatters Media, Inc.*, Case No. 3:18-cv-01713. He put off filing his one-sentence notice of dismissal for months, forcing PopMatters to incur pointless costs readying a motion to dismiss. Then, with a nearly identical complaint raising the same infringement claim based on the same allegations, he renewed the action in this Court, while neither designating local counsel nor seeking permission to appear *pro hac vice*. He based Craig's claim on an admittedly "incorrect" copyright registration, but amended the complaint only after foisting on PopMatters more wasteful costs preparing a motion for a more definite statement. Those burdensome costs serve no valid purpose in this action and should be fully compensated before Craig and Liebowitz may proceed. As further detailed in this memorandum, their conduct throughout this litigation supplies ample cause to order the payment of costs and attorney's fees and the stay authorized by Fed. R. Civ. P. 41(d). *Esposito v. Piatrowski*, 223 F.3d 497, 499-501 (7th Cir. 2000); *Esquivel v. Arau*, 913 F. Supp. 1382, 1387 (C.D. Cal. 1996).

1

**STATEMENT OF RELEVANT FACTS**

Craig is a photographer based in New York City. Doc. 1 ¶ 5. PopMatters is a corporation based in Chicago, Illinois. Declaration of Karen Zarker ("Zarker Decl.") ¶ 2; Doc. 1 ¶ 6. It runs popmatters.com, an independent website of cultural criticism and analysis. *Id.* Its website ran a photograph of Miles Davis with a review of the *Miles Ahead* soundtrack on April 20, 2016. Doc. 1-3. Craig saw the photograph on the website in February 2017. Doc. 1 ¶ 12. He did not contact PopMatters to request that it take the photograph down. Zarker Decl. ¶ 6. Through Liebowitz, Craig initiated suit against PopMatters in the Southern District on September 11, 2018, alleging infringement of the photograph copyright. *Id.* ¶¶ 3-5; Declaration of Dan Booth ("Booth Decl.") ¶ 2 & Ex. A. PopMatters engaged counsel in that action on September 19, 2018. Booth Decl. ¶ 3.

On September 27, 2018, PopMatters was served process; counsel for the parties conferred; and PopMatters served a Rule 68 offer of judgment on Craig. Zarker Decl. ¶ 8; Booth Decl. ¶ 4. After several email exchanges, PopMatters explained to Liebowitz on October 4, 2018 that personal jurisdiction and venue were improper, and that it would move to dismiss under Rules 12(b)(2) and (3) unless he withdrew the claim, in an email stating in part:

> Can you give me a good reason why you expect my client to defend a claim in the federal courthouse in East St. Louis? That is about 300 miles from the address you have identified, in the complaint, as PopMatters's place of business. The Dirksen Federal Building in Chicago, by contrast, is about six miles from the PopMatters address. They are not located in the Southern District by any definition and both personal jurisdiction and venue are improper. Courts in the Seventh Circuit analyze venue by treating each district as if it were its own state. A defendant must reside, or be found, in a district with which it has sufficient contacts to be rendered amenable to personal jurisdiction. Incorporation in the state, but outside the district, is insufficient. Furthermore, the copyright venue statute, 28 U.S.C. § 1400(a), governs all copyright claims, not Section 1391's general venue provision. And under Section 1400, the focus is whether the defendant resides (or may be found) in a "particular judicial district," not somewhere else in the state. *Milwaukee Concrete Studios, Ltd. v. Fjeld Mfg. Co.*, 8 F.3d 441, 445-46 (7th CIr. 1993). PopMatters resides in Chicago, maintains its sole place of business in Chicago, and transacts no business in the Southern District. The result should be obvious.
>
> Unless I hear from you by close of business Monday, October 8, that you will withdraw the claim from the Southern District, I will be forced to move to dismiss

2

> under Fed. R. Civ. P. 12(b)(2) and (3). You can expect to lose that motion, because suing in that District is frivolous on its face. So if you make me draft and file the motion, I promise you this: I will move for an award of every penny of attorney's fees and costs that you impose on my client by making me litigate over your obviously baseless allegations of jurisdiction and venue.

Booth Decl. ¶ 5; Ex. B. Liebowitz replied half an hour later, "We are happy to transfer venue if your client wishes and will litigate in the Northern District. Please let me know and I can put together a short letter. Are you admitted in Illinois?" *Id.* On October 8, 2018, when Liebowitz had taken no action on his offer to transfer, PopMatters' counsel told him, "If I have to take on the senseless, wasteful costs of a motion to dismiss in the Southern District, I will also move to have you sanctioned and forced to bear the price of my services." *Id.* ¶ 6; Ex. C. Within an hour, Liebowitz dashed off a note to the Southern District stating, "We represent Plaintiff Glen Craig, in the above in captioned case. Instead of engaging in motion practice on venue, the parties respectfully request that the matter be voluntarily transferred to the Northern District of Illinois." *Id.* ¶ 7; Ex. D. Though the letter request was headed "<u>VIA ECF</u>," it was not filed via ECF like a motion, but submitted to chambers via email like a proposed document. *Id.*

On October 9, 2018, PopMatters' counsel explained to Liebowitz that his letter would not suffice and a motion or a notice of dismissal would be required, in an email that stated in part:

> In the Southern District of Illinois, an email to chambers is not sufficient to request relief from the Court. A request must be filed with the Clerk of Court via ECF as a motion, unless the Court has specifically authorized filing by email. If you did not get prior approval from the Court, your unfiled email does not comply with the local rules.
>
> First, the request must be filed electronically. The Court's Electronic Filing Rules mandate that all documents must be electronically filed, and attorneys must use the ECF filing system unless specifically exempted for good cause shown. See Rules 1 and 5: https://www.ilsd.uscourts.gov/documents/ECFRules.pdf. Second, "an email to a judge's staff member is not an appropriate means of filing a document." Marlow v. Sawyer, 2018 U.S. Dist. LEXIS 47457, at n.1 (S.D. Ill. Mar. 22, 2018) (citing Fed. R. Civ. P. 5(d)(2)). And, the letter you sent did not even attempt to satisfy the standard set forth in 28 U.S.C. § 1404(a). So even if it were construed as a motion, there is no reason to expect it to be granted. The

Court cannot be expected to rule on an improperly filed email, or to rule on any motion within a week.

*Id.* ¶ 8; Ex. E. Liebowitz responded that day, "Chambers is handling it, just spoke with them. It will be transferred and if they have any issues they will let me know today or tomorrow." *Id.* On October 10, 2018, PopMatters' counsel asked Liebowitz to agree not to seek entry of default until at least three weeks after notice of transfer. *Id.* ¶ 9; Ex. F. Liebowitz responded that day, "We will agree not enter default. I will let you know when it is transferred." *Id.* That same day, PopMatters' counsel enquired with Liebowitz for more information about the copyright registration identified in the initial Southern District complaint.

> While we wait, I see that Mr. Craig has several copyright registrations for photographs of Miles Davis, only one of which is at issue in the complaint: Registration No. VAu 1-192-067. Can you provide copies of the application and deposit materials so we can identify which photographs are covered by that registration?

*Id.* Liebowitz did not respond to the inquiry. *Id.*

On November 15, 2018, Liebowitz sent another email to chambers: "Just following up on the voluntary transfer to the Northern District of IL?" *Id.* ¶ 10; Ex. G. The response came later that day: "You need to file a written motion," wrote the Southern District's law clerk, "the Court does not entertain requests of this nature via our proposed documents box." *Id.* Craig did not promptly take any action in response to the directive to file a written motion. *Id.*

On December 12, 2018, PopMatters' counsel told Liebowitz it would be obligated to move to dismiss if he did not file a motion to transfer by close of business on December 14, 2018. *Id.* ¶ 11; Ex. H. Liebowitz responded, "Instead of doing the motion we are just going to refile." *Id.* Within the hour PopMatters' counsel replied, in pertinent part:

> You may file a notice of dismissal pursuant to Fed. R. Civ. P. 41 in the Southern District.

4

> Please confirm that this is what you mean by "Instead of doing the motion we are just going to refile." And please confirm that by close of business Friday you will file your Rule 41 notice, or a motion to transfer, and send us a copy as filed.

*Id*. On Saturday, December 15, 2018, having received no response from Liebowitz, PopMatters began to prepare a motion to dismiss under Fed. R. Civ. P. 12(b)(2), 12(b)(3), 12(b)(6), and 41(b), based on the lack of personal jurisdiction over PopMatters, improper venue, failure to state a claim, and failure to prosecute. *Id.* ¶ 12. PopMatters' counsel spent 15.5 hours preparing the motion between December 15 and December 17, 2018. *Id.*

Liebowitz filed a notice of dismissal in the Southern District on December 17, 2018. *Id.* ¶ 13; Ex. I. The Southern District closed the case the next day. *Id.* Liebowitz did not inform PopMatters that the case had been dismissed. *Id.* PopMatters learned of the dismissal via PACER as its counsel prepared to finalize the motion to dismiss. *Id.*

Craig refiled the action in this Court on August 19, 2019, without local counsel. Doc. 1. The complaint again alleged copyright infringement, predicated on the same copyright registration issued to Craig effective November 20, 2014, Registration No. VAu1-192-067. *Id.*; see Doc. 1-2. In an August 28, 2019 email, PopMatters outlined for Liebowitz two of its intended defenses, licensed use and invalid copyright registration. In pertinent part, PopMatters wrote:

> Mr. Craig licensed the photo along with several others to Sony/Legacy, which published them in the booklet to the Miles Davis box set *Miles at the Fillmore*, released in March 2014. In turn, Sony/Legacy licensed the photo for promotional use by media outlets and sent the photograph to PopMatters for use online. By definition, a licensed publicity use is not an infringement. The complaint also fails to mention that when Mr. Craig obtained a copyright registration in November 2014, he falsely claimed that the photograph was part of an unpublished collection, though it had been published in connection with the *Fillmore* release. A knowing, material inaccuracy renders the registration invalid.

Booth Decl. ¶ 14 & Ex. J. The same day, Liebowitz responded by email: "I accidentally put the incorrect registration number in the complaint it should be VAu001160156. The photo was registered unpublished before the photograph was published." *Id.*

5

On August 29, 2019, PopMatters' counsel replied by email, sending its second Rule 68 offer to Liebowitz and adding, in part:

> If you will not accept PopMatters' offer, you must file an amended complaint to clarify which registration is the basis for the claim, before we are obligated to answer. It's incredible that you've been pursuing this claim through two courts on the basis of the wrong registration.

*Id.* ¶ 15; Ex. K. Liebowitz did not respond. On September 5, 2019, PopMatters' counsel sent him another email, again insisting that he promptly file an amended complaint, stating:

> You have not responded to this settlement offer so I presume you are moving forward. But you tell me the complaint is incorrect. Paragraph 9 of the complaint refers to copyright registration number VAu001192067, and exhibit B shows that certificate, not the one you now say you should have filed.
>
> PopMatters' answer is due on September 16. It should not have to bear the cost of a motion for a more definite statement. To avoid that, please file an amended complaint this week reflecting the registration that you claim supports the claim.

*Id.* Liebowitz did not respond and did not file an amended complaint that week. *Id.* PopMatters' counsel spent 6.4 hours preparing a responsive motion on September 9, 2019. *Id.* ¶ 16. He filed a lightly amended complaint on September 10, 2019, relying on a different copyright registration. Doc. 5, 5-2. He never notified PopMatters that he intended to amend, or that he had filed an amendment. Booth Decl. ¶ 16. PopMatters learned only on September 16, 2019, via PACER, as its counsel was finalizing its Rule 12(e) motion. *Id.*

On September 25, 2019, the Court ordered Craig to comply with Local Rules 83.14, 83.15, and 83.16 by October 15, 2019. Doc. 6, 7. On October 16, 2019, a day after the deadline, Liebowitz moved for more time to associate with local counsel and seek *pro hac vice* admission, offering no explanation for his delays and failures to do so before filing suit in this Court. Doc. 8. The Court granted the motion in part that day, and local counsel for Craig noticed her appearance on October 17, 2019. Doc. 9, 10.

## ARGUMENT

**I.  Rule 41(d) Supports Awarding PopMatters Its Costs Including Attorney's Fees and Staying This Action Because the Plaintiff Is Reviving a Previously Dismissed Claim.**

Craig's complaint in this Court is virtually identical to the one he filed and dismissed last year. He updated the caption and filing date, omitted six words from Paragraph 10, and added a second Paragraph 12; an amended complaint alleges a different registration number in Paragraph 9 and Exhibit B. Compare Doc. 1 & Doc. 5 with Booth Decl. Ex. A. Otherwise the new complaint is identical with the complaint filed in the Southern District. Because this action is based on the same claim, it is subject to Federal Rule of Civil Procedure 41(d), which provides:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d) ("Costs of a Previously Dismissed Action"). "Costs may be imposed under Rule 41(d) where the plaintiff has brought a second identical, or nearly identical, claim and has requested identical, or nearly identical, relief." *Esquivel v. Arau*, 913 F. Supp. 1382, 1387 (C.D. Cal. 1996). "[T]he filing of a second suit on the same claim allows the court to award the costs of the first case." *Szabo Food Serv. v. Canteen Corp.*, 823 F.2d 1073, 1077 (7th Cir. 1987) (citing Rule 41(d) and 9 Wright & Miller, *Federal Practice & Procedure* § 2375 (1971)). "The rule further empowers the court to order a stay of proceedings until such time as the plaintiff has complied with the order." *Esposito v. Piatrowski*, 223 F.3d 497, 499 (7th Cir. 2000). The Court's decision under Rule 41(d) is reviewed for abuse of discretion. *Id.* at 502.

Attorney's fees may be awarded as costs under Rule 41(d) if "the substantive statute which formed the basis of the original suit allows for the recovery of such fees as costs." *Id.* at 500. PopMatters can recover its fees already incurred because Craig raises his claim under the Copyright Act, which provides: "In any civil action under this title, the court … may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. See Doc. 1 ¶¶ 1-2; *id.* ¶ 18 (seeking attorney's fees and costs under § 505). See also *Esquivel*, 913 F. Supp.

at 1388-92 (including fees in costs award in copyright infringement action). Its fees are also recoverable because an attorney who "multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

## II. Rule 41(d) Relief Is Appropriate to Compensate PopMatters for Unnecessary Costs and to Deter Tactical Gamesmanship and Vexatious Litigation Conduct.

Because Craig filed the original action in the wrong court, and postponed for months the simple, one-sentence notice necessary to dismiss the original action, he forced PopMatters to incur considerable expense on legal services unrelated to the merits that will serve no purpose in this sequel action. Those expenses should be compensated, and Craig and his counsel should be deterred from their patterns of vexatious litigation and tactical gamesmanship.

"The purpose of awarding attorneys' fees on a voluntary dismissal without prejudice is to compensate the defendant for the unnecessary expense that the litigation has caused." *Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985). In particular, "the purpose of Rule 41(d) ... is to deter forum shopping and vexatious litigation." *Esposito*, 223 F.3d at 501. "Rule 41(d) is also intended to prevent attempts to 'gain any tactical advantage by dismissing and refiling the suit.'" *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 874 (6th Cir. 2000) (quoting *Sewell v. Wal-Mart Stores, Inc.*, 137 F.R.D. 28, 29 (D. Kan. 1991)). Yet "'nothing in the language of Rule 41(d) … suggests that a defendant must show 'bad faith' before a district court can order payment of costs incurred in a previous action.'" *Id.* (quoting *Esquivel*, 913 F. Supp. at 1388). "Instead, the court should simply assess whether a plaintiff's conduct satisfies the requirements of Rule 41(d), and whether the circumstances of the case warrant an award of costs to prevent prejudice to the defendant." *Esquivel*, 913 F. Supp. at 1388; see *id.* at 1391 ("[T]he purpose of Rule 41(d) is to discourage indiscriminate and vexatious litigation and unnecessary expenditures by defending parties.").

> Rule 41(d) would be greatly limited as an effective deterrent if district courts were precluded from assessing attorneys' fees as part of costs. The need for attorneys' fees may be especially acute in the Rule 41(d) context. The targets of deterrence under the rule will often be litigants … that file complaints and quickly dismiss

8

them, perhaps in reaction to initial unfavorable rulings, or hoping for a subsequent case assignment to a judge they view as more favorable. These are actions with minor costs to the adversary other than attorneys' fees, which may be substantial. Indeed, such actions will rarely incur most of the expenses routinely recoverable as costs. See 28 U.S.C. § 1920.

*Horowitz v. 148 South Emerson Assocs. LLC*, 888 F.3d 13, 25-26 (2d Cir. 2018).

To defend the prior action, PopMatters retained counsel and engaged in extensive legal research, drafting, and negotiations with Craig over issues of personal jurisdiction and venue, which did not reach the Chicago-based PopMatters downstate. When PopMatters demonstrated those pleading deficiencies, though Craig's counsel at first offered to refile in this Court, he let the case languish in a court where it did not belong for months, requiring PopMatters to draft a motion to dismiss. Craig's untimely dismissal rendered useless essentially all of PopMatters' expenses on the prior action. Rule 41(d) relief is proper when plaintiffs "unnecessarily filed their complaint" in the wrong court. *New Louisiana Holdings, LLC v. Arrowsmith*, No. 11 C 5031, 2012 U.S. Dist. LEXIS 173313, *34 (N.D. Ill. Dec. 4, 2012).

Further, PopMatters also engaged in extensive factual and legal research and drafting regarding the copyright registration filed with the complaint, to ascertain that the registration should be invalidated based on Craig's knowing and materially false assertion that the works within the registration were unpublished. See generally 17 U.S.C. § 411(b). When PopMatters demonstrated *that* pleading deficiency, which grounded Craig's initial complaints in both courts, his counsel admitted that both complaints erroneously identified the wrong copyright registration. PopMatters demanded that Craig immediately file an amended complaint so it would not be forced to prepare a motion for a more definite statement. Craig did not respond, forcing PopMatters to incur further expenses drafting a motion he mooted by his belated amendment. All of PopMatters' work toward defending the claim based on the later, "incorrect" registration was equally wasted. See *Adams v. New York State Educ. Dep't*, 630 F. Supp. 2d 333 (S.D.N.Y. 2009) (awarding Rule 41(d) costs and fees upon amended complaint).

9

Rule 41(d) is appropriate to deter vexatious litigation tactics. *Esposito*, 223 F.3d at 501. "Neither Rule 41(d) or the relevant case law requires a defendant to show bad faith on the part of the plaintiff to recover costs." *Espenscheid v. DirectSat USA, LLC*, 708 F. Supp. 2d 781, 795 (W.D. Wisc. 2010) (citing *Esquivel*, 913 F. Supp. at 1388). "However, some courts have held it permissible to take into consideration the circumstances of the case, including plaintiffs' motive in dismissing the prior action and whether costs are necessary to prevent prejudice to defendants." *Id.* (collecting cases). "[A]n attempt to gain a tactical advantage by dismissing and refiling suit … [is] precisely what Rule 41(d) seeks to deter." *Id.* (citing *Rogers*, 230 F.3d at 874). "Pursuant to Rule 41(d), Plaintiff may not voluntarily dismiss his original suit only to further harass Defendant with renewed allegations of the same claims." *Jurin v. Google, Inc.*, 695 F. Supp. 2d 1117, 1123 (E.D. Cal. 2010).

There is ample basis to conclude that Craig knowingly filed suit in the wrong court for vexatious reasons. A plaintiff has the "responsibility of determining the appropriate forum in which to prosecute her case and of establishing that personal jurisdiction exists." *Esquivel*, 913 F. Supp. at 1387. His attorney must know better. Liebowitz, "easily the most prolific copyright attorney in the nation," filed 403 cases in 2017, 461 in 2018, and 668 so far in 2019, Bill Donahue, *As 'Copyright Troll' Turns National, Will Blowback Follow?*, LAW360 (Oct. 11, 2019) https://www.law360.com/articles/1208101, Booth Decl. ¶ 17, Ex. L p. 1. In a typical year, more than 10% of all new copyright suits filed nationwide are his. Well before he initiated Craig's action in the Southern District, courts often took Liebowitz to task for bringing suit without a "non-frivolous basis to find that there is personal jurisdiction" or proper venue. *McDermott v. Monday Monday LLC*, No. 17-cv-9230 (DLC), 2018 U.S. Dist. LEXIS 28664, *8-9 (S.D.N.Y. Feb. 22, 2018); see also *Tabak v. Idle Media, Inc.*, No. 17 Civ. 8285 (AT), 2017 U.S. Dist. LEXIS 219504 (S.D.N.Y. Oct. 31, 2017) (Order to Show Cause) ("plaintiff has not demonstrated that venue is proper in this district"); *Reynolds v. Intermarkets, Inc.*, No. 17 Civ. 8795 (AT), 2017 U.S. Dist. LEXIS 219505 (S.D.N.Y. Nov. 14, 2017) (same); Order, *Pena v. Celebrities*

*Unlimited, Inc.*, No. 17-cv-1853 (S.D.N.Y. Feb. 27, 2018) (transferring venue); Order, *Polaris Images Corp. v. The Wrap News, Inc.*, No. 18-cv-6218 (S.D.N.Y. Aug. 15, 2018) (same).

Craig evidently sued downstate, where PopMatters does no business and has no presence, to gain a slew of tactical advantages with no relation to the merits. Filing in the Southern District avoided the costs of this Court's local counsel requirement. Compare LR 83.15(a) with S.D. Ill. Local Rule 83.1(d). Liebowitz knew of that requirement last year; when he first discussed renewing the case in this Court, he asked PopMatters' counsel, "Are you admitted in Illinois?" Ex. B. Yet evading the Local Rules and their attendant costs, he has purposefully filed copyright actions against PopMatters and six other Chicago-based defendants in the Southern District. Booth Decl. ¶ 18. He continued to avoid compliance months after filing a dozen cases in this Court. Doc. 6, 7, 8. Filing downstate also bypassed any order he might face requiring "the filing of a bond as security for costs" under LR 65.3, a provision absent from the Southern District's Local Rules. That was a material concern: "Multiple courts, on their own initiative, have ordered Mr. Liebowitz to show cause why he should not be required to post security for costs as a condition of proceeding further with an action." *McDermott*, 2018 U.S. Dist. LEXIS 28664, at *7 (collecting cases). And suing PopMatters in a forum five hours south of Chicago was inevitably burdensome, which could have helped secure an unwarranted settlement. Craig sought $25,000 to settle his claim, though if he could prevail on the merits, any potential recovery predicated on actual damages or profits would seem to be less than $160. See Ex. B pp. 2-3, Ex. K p. 1.

PopMatters incurred modest costs researching the personal jurisdiction and venue issues, and detailed for Liebowitz why the Southern District was an improper forum on October 4, 2018. Ex. B p. 1. He offered to transfer at once. *Id.* But he chose to compound PopMatters' expenses through dilatory tactics, once informed that PopMatters, unlike Craig, had local counsel in this District. Ex. C p. 1. PopMatters demanded that he promptly withdraw the case on October 8, 2018, or face sanctions for requiring PopMatters "to take on the senseless, wasteful costs of a motion to dismiss in the Southern District." *Id*. Craig emailed a letter to the Southern District

11

requesting a transfer. Ex. D. But that email was no substitute for proper motion practice, as PopMatters explained on October 9, 2018, when it insisted that Craig formally notice a dismissal "to avoid forcing [PopMatters] to bear needless expenses." Ex. E. The next day, Craig agreed not to seek entry of default pending transfer, and PopMatters asked for confirmation that the copyright registration identified in the complaint covered the photograph at issue. Ex. F. Craig did not confirm it; and when the Southern District informed him on November 15, 2018 that his emailed letter was not a written motion to transfer, he took no action. Ex. G. On December 12, 2018, PopMatters again demanded that Craig file a motion to transfer by December 14, 2018, or it would file a motion to dismiss the following week. Ex. H. Craig instead replied, "we are just going to refile," and PopMatters again requested confirmation by December 14. *Id.* After its repeated warnings about Craig's extended delay in pursuing the case, PopMatters at last began to draft a motion to dismiss on December 15 and 17, 2018. Booth Decl. ¶ 12. Craig filed a notice of dismissal on December 17, 2018, without notifying or serving PopMatters, senselessly imposing unwarranted litigation costs. *Id.* ¶ 13 & Ex. I. All along, his claim had been based on an "incorrect" registration, further wasting the time PopMatters had to spend drafting a motion to dismiss based on that registration. *Id.* ¶ 14 & Ex. J. Liebowitz could have spared PopMatters that expense by responding to its emails demanding an amended complaint. *Id.* ¶¶ 15-16 & Ex. K. His vexatious litigation tactics and knowing gamesmanship should be deterred.

**III. PopMatters Should Be Awarded All of the Fees It Reasonably Incurred in the Prior Action that Cannot Serve a Purpose in this Action.**

Craig has already saddled PopMatters with unnecessary expense. Before he may renew his claim in this Court, he should be ordered to fully compensate PopMatters for the costs and fees reasonably incurred in the prior action on work that cannot be useful in this action.

"[T]he fee award should reimburse the defendant for expenses incurred in preparing work product that will not be useful in subsequent litigation of the same claim." *Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985). "Where a case is voluntarily dismissed and re-filed by the

12

plaintiff, attorneys' fees are awarded to the defendant to compensate for the unnecessary expenses incurred by the litigation." *New Louisiana Holdings*, 2012 U.S. Dist. LEXIS 173313, at *35-36. Under Rule 41(d), it is appropriate to "award attorney's fees for any work done in the previously dismissed case that is useless in the present case." *Copeland v. Hussman Corp.*, 462 F. Supp. 2d 1012, 1024 (E.D. Mo. 2006).

As detailed in the attached Declaration, PopMatters' costs were reasonable and reasonably incurred. PopMatters spent a reasonable amount of time on the issues Craig raised and abandoned. Booth Decl. ¶¶ 19-20 & Ex. M. PopMatters' counsel charged its standard rate of $425 per hour, which is well within the usual range charged in intellectual property litigation by similarly experienced attorneys in this Court and in the Southern District. *Id.* ¶¶ 21-22 & Ex. N.

PopMatters seeks compensation for attorney's fees incurred and expended on matters raised in the original action that will not contribute to the defense of the current action. See *id.* ¶ 19 & Ex. M. Craig's original complaint claimed personal jurisdiction and venue were proper in the Southern District and relied on Copyright Registration No. VAu 1-192-067. Now that Craig has abandoned those allegations, PopMatters' work developing arguments in opposition to those allegations no longer serves any purpose. The fees incurred for that work are also the sort of "unnecessary expenditures" that Rule 41(d) is intended to deter. *Esquivel*, 913 F. Supp. at 1391. They were necessitated by Craig's vexatious litigation conduct through Liebowitz, including his willfully wrong or insufficiently considered filings, and his failure or refusal to communicate about his delayed, belated, half-hearted attempts to rectify those filings.

PopMatters also seeks to recover the attorney's fees incurred in preparing this motion. See Booth Decl. ¶ 23. Craig's refiling and amendment necessitated those costs as well, and those costs also do not serve litigation of the merits of the current action. Such costs are recoverable under Rule 41(d). See *New Louisiana Holdings*, 2012 U.S. Dist. LEXIS 173313, at *43 ("Had Plaintiffs originally filed this action in this District, or had Plaintiffs not chosen to re-file this action, Arrowsmith would not have had to expend time drafting the Costs Motion.").

13

**IV. This Action Should Be Stayed Until Craig Pays the Costs of the Previous Action.**

To ensure compensation and avoid further needless expense, this action should be stayed pending payment. When the Court orders a plaintiff to pay the costs of a previous action under Rule 41(d), it "may stay the proceedings until the plaintiff has complied." Fed. R. Civ. P. 41(d). "The rule further empowers the court to order a stay of proceedings until such time as the plaintiff has complied with the order." *Esposito*, 223 F.3d at 499 (citing Fed. R. Civ. P. 41(d)). PopMatters reserves the right to file a responsive pleading thereafter; meanwhile, a defendant may file a Rule 41(d) motion to stay and for costs "in lieu of filing an Answer to Plaintiffs' Complaint." *Contour IP Holding, LLC v. GoPro, Inc.*, Civ. A. No. 15-1108-LPS-CJB, 2017 U.S. Dist. LEXIS 123273, *8 (D. Del. July 6, 2017).

Requiring a stay would accord with the "well settled practice whereby a second action cannot be maintained for substantially the same relief asked for in a prior action until the costs of the first action have been paid." *Weidenfeld v. Pacific Improv. Corp.*, 101 F.2d 699, 700 (2d Cir. 1939) (collecting cases). "This practice was designed to prevent oppressive and vexatious litigation and also to enable a party who has recovered costs to obtain payment before being subjected to further litigation relating to the same subject-matter." *Id.* To deter vexatious litigation, a stay pending payment is also appropriate.

Bringing suit in the wrong forum over the wrong copyright registration needlessly taxed PopMatters' finances and wasted the resources of this Court and the Southern District. The Court should exercise its discretion under Rule 41(b) to award PopMatters its attorney's fees, to wit, $27,030, *see* Booth Decl. ¶ 24 & Ex. M, and to stay this action until payment is made.

**V. Conclusion.**

Wherefore, PopMatters Media, Inc. respectfully moves this Court to order Glen Craig to pay its costs incurred in the prior action, including reasonable attorney's fees, and to stay these proceedings until such costs have been paid pursuant to Fed. R. Civ. P. 41(d).

Dated: October 18, 2019       Respectfully,

/ s /  Dan Booth
Dan Booth (*pro hac vice* admission pending)
Dan Booth Law LLC
60 Thoreau Street #121
Concord, MA 01742
dan@danboothlaw.com

/ s /  Scott Kane Stukel
Scott Kane Stukel (# 6317252)
Cameron & Kane, LLC
2846A N. Milwaukee Avenue
Chicago, IL 60618
scott@cameronandkane.com

*Counsel for Defendant PopMatters Media, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this October 18, 2019, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to any identified non-registered participants for whom a mailing address is provided.

/ s /  Scott Kane Stukel