IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GLEN CRAIG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-cv-05596 |
| | ) | |
| POPMATTERS MEDIA, INC. | ) | Honorable Ronald A. Guzman |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF KAREN ZARKER IN SUPPORT OF DEFENDANT'S MOTION
FOR COSTS AND STAY OF PROCEEDINGS PURSUANT TO FED. R. CIV. P. 41(d)**

I, Karen Zarker, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am the secretary of PopMatters Media, Inc. ("PopMatters"), the defendant in this lawsuit. I submit this declaration in support of its Motion for Costs and Stay of Proceedings Pursuant to Fed. R. Civ. P. 41(d). I have personal knowledge of all facts set forth herein, and would testify to those facts if required to do so in this action.

2. PopMatters is a corporation based in Chicago, Illinois. Its sole place of business is in Chicago. It transacts no business in the Southern District of Illinois. PopMatters runs popmatters.com, an independent website of cultural criticism and analysis. I am the website's managing editor and its books/film/TV editor.

3. PopMatters ran a review of the *Miles Ahead* soundtrack on its website on April 20, 2016. It displayed a copy of a photograph of Miles Davis along with the review. Sony Music Entertainment's Legacy Recordings division, which issued the soundtrack, had made the photograph available to PopMatters for promotional purposes, with permission to use the photograph in connection with editorial reviews online.

4. Glen Craig ("Craig"), the plaintiff in this action, asserts that he took that photograph and owns its copyright.

1

5. This is the second lawsuit that Craig has filed against Defendant through his attorney Richard Liebowitz. The first, *Craig v. PopMatters Media, Inc.*, Case No. 3:18-cv-01713, was filed in the United States District Court for the Southern District of Illinois on September 11, 2018 (the "prior action"). In both the prior action and this action, Craig alleges that PopMatters' editorial use of the photograph infringed its copyright.

6. Craig did not contact PopMatters at any point before the prior action was filed to request that PopMatters take the photograph down from its website or that it pay a licensing fee for the use.

7. PopMatters retained Dan Booth as counsel to defend the prior action on September 19, 2018.

8. On September 27, 2018, PopMatters was served with the prior action's complaint and a summons for the prior action in the Southern District.

9. Neither Craig nor Liebowitz informed PopMatters that the prior action would be voluntarily dismissed by notice before Liebowitz filed a notice of dismissal in the prior action. The notice of dismissal was not served on PopMatters.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 17, 2019.

*[Signature]*
Karen Zarker
PopMatters Media, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this October 18, 2019, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to any identified non-registered participants for whom a mailing address is provided.

/ s / Scott Kane Stukel