**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GLEN CRAIG, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>POPMATTERS MEDIA, INC. )<br>)<br>Defendant. ) | Case No. 1:19-cv-05596<br><br>Honorable Ronald A. Guzman |

**DECLARATION OF DAN BOOTH IN SUPPORT OF DEFENDANT'S MOTION FOR COSTS AND STAY OF PROCEEDINGS PURSUANT TO FED. R. CIV. P. 41(d)**

I, Dan Booth, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am counsel for PopMatters Media, Inc. ("PopMatters"), the defendant in this lawsuit. I submit this declaration in support of its Motion for Costs and Stay of Proceedings Pursuant to Fed. R. Civ. P. 41(d). I have personal knowledge of all facts set forth herein, and would testify to those facts if required to do so in this action.

2. Glen Craig ("Craig"), the plaintiff in this action, alleges that he took a photograph of Miles Davis and owns its copyright, and PopMatters infringed that copyright on its website. Through his attorney Richard Liebowitz ("Liebowitz"), Craig initiated an earlier lawsuit raising the same claim against PopMatters, *Craig v. PopMatters Media, Inc.*, Case No. 3:18-cv-01713, filed in the United States District Court for the Southern District of Illinois on September 11, 2018 (the "prior action"). A true and correct copy of the complaint in the prior action is filed herewith as Exhibit A.

3. PopMatters retained me as counsel to defend the prior action on September 19, 2018.

4. On September 27, 2018, once PopMatters was served process in the prior action, I conferred with Liebowitz by telephone, and he agreed to accept service by email of a Rule 68 offer of judgment, which I served on him by email that same afternoon.

1

5. I exchanged several emails with Liebowitz about the prior action. On October 4, 2018, I explained to him that personal jurisdiction and venue were improper and that PopMatters would move to dismiss under Fed. R. Civ. P. 12(b)(2) and (3) unless he withdrew the claim. That email stated in part:

> Can you give me a good reason why you expect my client to defend a claim in the federal courthouse in East St. Louis? That is about 300 miles from the address you have identified, in the complaint, as PopMatters's place of business. The Dirksen Federal Building in Chicago, by contrast, is about six miles from the PopMatters address. They are not located in the Southern District by any definition and both personal jurisdiction and venue are improper. Courts in the Seventh Circuit analyze venue by treating each district as if it were its own state. A defendant must reside, or be found, in a district with which it has sufficient contacts to be rendered amenable to personal jurisdiction. Incorporation in the state, but outside the district, is insufficient. Furthermore, the copyright venue statute, 28 U.S.C. § 1400(a), governs all copyright claims, not Section 1391's general venue provision. And under Section 1400, the focus is whether the defendant resides (or may be found) in a "particular judicial district," not somewhere else in the state. *Milwaukee Concrete Studios, Ltd. v. Fjeld Mfg. Co.*, 8 F.3d 441, 445-46 (7th CIr. 1993). PopMatters resides in Chicago, maintains its sole place of business in Chicago, and transacts no business in the Southern District. The result should be obvious.
>
> Unless I hear from you by close of business Monday, October 8, that you will withdraw the claim from the Southern District, I will be forced to move to dismiss under Fed. R. Civ. P. 12(b)(2) and (3). You can expect to lose that motion, because suing in that District is frivolous on its face. So if you make me draft and file the motion, I promise you this: I will move for an award of every penny of attorney's fees and costs that you impose on my client by making me litigate over your obviously baseless allegations of jurisdiction and venue.

Liebowitz replied by email half an hour later, "We are happy to transfer venue if your client wishes and will litigate in the Northern District. Please let me know and I can put together a short letter. Are you admitted in Illinois?" A true and correct copy of those October 4, 2018 email messages and others in the email chain is filed herewith as Exhibit B.

6. By October 8, 2018, PopMatters had just ten days left to file a response to the complaint in the prior action, and Liebowitz had taken no action on his offer to transfer the prior action to this Court. I emailed him that morning, telling him among other things, "If I

have to take on the senseless, wasteful costs of a motion to dismiss in the Southern District, I will also move to have you sanctioned and forced to bear the price of my services." A true and correct copy of that October 8, 2018 email message and others in the email chain is filed herewith as Exhibit C.

7. That afternoon, within an hour, Liebowitz emailed a short note to the presiding judge in the prior action stating, "We represent Plaintiff Glen Craig, in the above in captioned case. Instead of engaging in motion practice on venue, the parties respectfully request that the matter be voluntarily transferred to the Northern District of Illinois." A true and correct copy of that October 8, 2018 email and its attached note is filed herewith as Exhibit D.

8. The next day, October 9, 2018, I sent Liebowitz an email explaining that his letter would not be sufficient and a motion would be required, or a notice of dismissal, in an email that stated in part:

> In the Southern District of Illinois, an email to chambers is not sufficient to request relief from the Court. A request must be filed with the Clerk of Court via ECF as a motion, unless the Court has specifically authorized filing by email. If you did not get prior approval from the Court, your unfiled email does not comply with the local rules.
>
> First, the request must be filed electronically. The Court's Electronic Filing Rules mandate that all documents must be electronically filed, and attorneys must use the ECF filing system unless specifically exempted for good cause shown. See Rules 1 and 5: https://www.ilsd.uscourts.gov/documents/ECFRules.pdf. Second, "an email to a judge's staff member is not an appropriate means of filing a document." Marlow v. Sawyer, 2018 U.S. Dist. LEXIS 47457, at n.1 (S.D. Ill. Mar. 22, 2018) (citing Fed. R. Civ. P. 5(d)(2)). And, the letter you sent did not even attempt to satisfy the standard set forth in 28 U.S.C. § 1404(a). So even if it were construed as a motion, there is no reason to expect it to be granted. The Court cannot be expected to rule on an improperly filed email, or to rule on any motion within a week.
>
> Liebowitz responded that day, "Chambers is handling it, just spoke with them. It will be transferred and if they have any issues they will let me know today or tomorrow." A true

3

and correct copy of those October 9, 2018 email messages and others in the email chain is filed herewith as Exhibit E.

9. On October 10, 2018, I asked Liebowitz by email for his assurance that he would not to seek entry of default until at least three weeks after notice that the Southern District had acted on his request for transfer. Liebowitz responded that day, "We will agree not enter default. I will let you know when it is transferred." That same day, I also enquired with Liebowitz for more information about the copyright registration identified in the complaint in the prior action:

> While we wait, I see that Mr. Craig has several copyright registrations for photographs of Miles Davis, only one of which is at issue in the complaint: Registration No. VAu 1-192-067. Can you provide copies of the application and deposit materials so we can identify which photographs are covered by that registration?

Liebowitz did not respond to the inquiry. A true and correct copy of those October 10, 2018 email messages and others in the email chain is filed herewith as Exhibit F.

10. On November 15, 2018, Liebowitz sent another email to chambers, addressed to a law clerk for the presiding judge in the prior action: "Just following up on the voluntary transfer to the Northern District of IL?" The response came later that day: "You need to file a written motion," wrote the law clerk, "the Court does not entertain requests of this nature via our proposed documents box." A true and correct copy of those November 15, 2018 email messages and others in the email chain is filed herewith as Exhibit G. Craig did not promptly take any action in response to the directive to file a written motion.

11. On December 12, 2018, noting that more than 90 days had passed since the complaint was filed, I told Liebowitz by email, "You are not diligently prosecuting this action," and that PopMatters would be obligated to move to dismiss if he did not file a motion to transfer by close of business on December 14, 2018. He responded later that morning, "Instead of doing the motion we are just going to refile." Within the hour I replied, urging him to file a Rule 41 notice of dismissal, stating in pertinent part:

4

>You may file a notice of dismissal pursuant to Fed. R. Civ. P. 41 in the Southern District.
>
>Please confirm that this is what you mean by "Instead of doing the motion we are just going to refile." And please confirm that by close of business Friday you will file your Rule 41 notice, or a motion to transfer, and send us a copy as filed.

Liebowitz did not respond. A true and correct copy of those December 12, 2018 email messages and others in the email chain is filed herewith as Exhibit H.

12. On Saturday, December 15, 2018, I confirmed via PACER that Liebowitz had not filed anything on the docket of the prior action since his notice of appearance on September 28, 2018. Having received no response confirming that Liebowitz intended to notice dismissal or move to transfer, I began to prepare a motion to dismiss for PopMatters under Rules 12(b)(2), 12(b)(3), 12(b)(6), and 41(b) of the Federal Rules of Civil Procedure, based on the Southern District's lack of personal jurisdiction over PopMatters, the improper venue, Craig's failure to state a claim, and the continuing failure to prosecute. I spent 15.5 hours preparing the motion between December 15 and December 17, 2018.

13. Liebowitz filed a Notice of Dismissal Without Prejudice in the Southern District on December 17, 2018. A true and correct copy is filed herewith as Exhibit I. He did not serve or provide a copy to PopMatters. The Southern District took note of the dismissal and closed the case on December 18, 2018. Liebowitz did not inform PopMatters that the case had been dismissed. PopMatters learned of the dismissal via PACER as I prepared to finalize the motion to dismiss.

14. Through Liebowitz, Craig refiled the action in this Court on August 19, 2019, without an appearance by local counsel or a motion for *pro hac vice* admission. In an August 28, 2019 email, on PopMatters' behalf, I outlined for Liebowitz two of its intended defenses, licensed use and invalid copyright registration. In pertinent part, I wrote:

>Mr. Craig licensed the photo along with several others to Sony/Legacy, which published them in the booklet to the Miles Davis box set *Miles at the Fillmore*,

5

released in March 2014. In turn, Sony/Legacy licensed the photo for promotional use by media outlets and sent the photograph to PopMatters for use online. By definition, a licensed publicity use is not an infringement. The complaint also fails to mention that when Mr. Craig obtained a copyright registration in November 2014, he falsely claimed that the photograph was part of an unpublished collection, though it had been published in connection with the *Fillmore* release. A knowing, material inaccuracy renders the registration invalid.

The same day, Liebowitz responded by email: "I accidentally put the incorrect registration number in the complaint it should be VAu001160156. The photo was registered unpublished before the photograph was published." A true and correct copy of those August 28, 2019 email messages and others in the email chain is filed herewith as Exhibit J.

15. On August 29, 2019, I replied by email, sending PopMatters' second Rule 68 offer to Liebowitz and adding, in part:

If you will not accept PopMatters' offer, you must file an amended complaint to clarify which registration is the basis for the claim, before we are obligated to answer. It's incredible that you've been pursuing this claim through two courts on the basis of the wrong registration.

On September 5, 2019, I sent him another email on PopMatters' behalf, again insisting that he promptly file an amended complaint, stating:

You have not responded to this settlement offer so I presume you are moving forward. But you tell me the complaint is incorrect. Paragraph 9 of the complaint refers to copyright registration number VAu001192067, and exhibit B shows that certificate, not the one you now say you should have filed.

PopMatters' answer is due on September 16. It should not have to bear the cost of a motion for a more definite statement. To avoid that, please file an amended complaint this week reflecting the registration that you claim supports the claim.

Liebowitz did not respond to either the August 29, 2019 or the September 5, 2019 emails and did not file an amended complaint that week at PopMatters' insistence. A true and correct copy of an email chain including those messages is filed herewith as Exhibit K.

6

16. I spent 6.4 hours preparing a responsive motion for a more definite statement, or to strike the erroneous registration from the complaint and its exhibit, on September 9, 2019. Liebowitz never notified PopMatters that he intended to file an amended complaint. He filed a lightly amended complaint on September 10, 2019, relying on a different copyright registration. He did not serve or provide a copy to PopMatters and did not notify PopMatters that he had filed an amendment. PopMatters learned of the amended complaint only on September 12, 2019, via PACER, as I was finalizing its motion.

17. Law360 published an article by Bill Donahue about Liebowitz on October 11, 2019, entitled, "*As 'Copyright Troll' Turns National, Will Blowback Follow?*," available at https://www.law360.com/articles/1208101. A true and correct copy is filed herewith as Exhibit L. According to that article, Liebowitz is "easily the most prolific copyright attorney in the nation" after filing 403 copyright cases in 2017, 461 in 2018, and 668 in 2019 as of October 10, 2019. According to a PACER search I conducted this morning, Liebowitz filed another 27 copyright cases in the week since the article, from October 11 to October 17, 2019, so his tally is up to at least 695 copyright cases filed in 2019.

18. In addition to filing the prior action in the Southern District, though PopMatters is based in Chicago, he has purposefully filed copyright actions against six other Chicago-based defendants in the Southern District, namely, *Stridiron v. The India Tribune of Chicago, Inc.*, No. 18-cv-1732 (S.D. Ill. filed Sept. 17, 2018); *Yang v. BlackDoctor, Inc.*, No. 18-cv-1733 (S.D. Ill. filed Sept. 17, 2018); *Ward v. Consequence Holdings, Inc.*, No. 18-cv-1734 (S.D. Ill. filed Sept. 17, 2018); *Sadowski v. Block Communications, Inc.*, No. 18-cv-2015 (S.D. Ill. filed Oct. 24, 2018); *Geerds v. TreeTop Wealth Management, LLC*, No. 19-cv-335 (S.D. Ill. filed Mar. 21, 2019); and *Adlife Marketing & Communications Company, Inc. v. Poplar Grove Pacemaker LLC*, No. 19-cv-513 (S.D. Ill. filed May 15, 2019). Docket entries reflect that the *Geerds* case was transferred to this Court on May 17, 2019; the Court advised the parties on May 21, 2019 of Local Rule 83.15, which

requires an appearance by local counsel, and the case was settled and dismissed the next day. Rule 83.15 Letter, *Geerds*, No. 19-cv-3424 (N.D. Ill. entered May 21, 2019); Notice of Voluntary Dismissal, *Geerds*, No. 19-cv-3424 (N.D. Ill. filed May 22, 2019).

19. PopMatters' costs and attorney's fees in this action and the prior action, including all that it seeks to recover in this Motion, have been reasonable and reasonably incurred. PopMatters spent a reasonable amount of time on the issues Craig raised and abandoned, and seeks compensation for attorney's fees incurred and expended on matters raised in the original action that will not contribute to the defense of the current action. Filed herewith as Exhibit M is a true and correct itemized statement of attorney services, based on contemporaneous billing records, that accurately reflects work I have performed on behalf of PopMatters in connection with this action and the prior action, for which PopMatters seeks to recover its incurred attorneys' fees by this Motion. I personally extracted all data from the client billing records and organized the information into the statement filed as Exhibit M. The statement reflects the dates the work was performed, a detailed description of the work performed, and the time expended to the nearest tenth of an hour.

20. The time recorded in Exhibit M was reasonably incurred. Throughout my representation of PopMatters, I have strived to minimize fees, costs and expenses and avoid any unnecessary hours or duplication of effort. I have personally reviewed the time records being submitted in this Motion and eliminated entries that might potentially be seen as excessive, duplicative, or unproductive. PopMatters' counsel staffed and managed the litigation as efficiently as possible and did not duplicate responsibilities. In the exercise of billing discretion, I have excluded all time from the statement of services for associates' work on this matter. After my careful review of the time records, I believe all of the time PopMatters is submitting for compensation was necessitated by Craig's filings and by Liebowitz's dilatory tactics and belated attempts to rectify those filings.

21. I have practiced as a civil litigator since 2005, when I received my Juris Doctor degree from Columbia Law School. I served as a litigation associate at Hughes Hubbard & Reed LLP in New York from 2005 to 2007 and at Goodwin Procter LLP in Boston from 2007 to 2009, and as a co-founder and partner at Booth Sweet LLP from 2010 to 2019 before launching Dan Booth Law LLC this year. I have substantial experience in intellectual property litigation, which has been the primary focus of my legal practice since 2007. Since 2010, my practice has been concentrated on litigation of intellectual property and free speech issues, chiefly involving copyrights, trademarks, domain name disputes, defamation, and intermediary liability issues.

22. I have charged PopMatters for my services at my standard rate of $425 per hour. That rate, agreed upon with PopMatters, is well within the usual range charged in intellectual property litigation by similarly experienced attorneys in the Southern District and in this Court. In 2013, in my first Southern District case, my client Anthony Smith was awarded his fees under 28 U.S.C. § 1927 at the $409 per hour rate I then charged. *Lightspeed Media Corp. v. Smith*, No. 12-cv-889, 2013 U.S. Dist. LEXIS 168615, *19 (S.D. Ill. Nov. 27, 2013), *aff'd*, 761 F.3d 699 (7th Cir. 2014). The presiding judge in that case commented, "that's what you call bargain rates around here." *Id.*, ECF No. 101 at 17:11-13 (S.D. Ill. filed Dec. 10, 2013) (hearing transcript). My current billing rate of $425 per hour represents only a modest increase from the $409 per hour rate awarded in that Southern District case six years ago. In the Chicago area, according to the American Intellectual Property Law Association's (AIPLA) biennial survey, the average rate charged by partners in intellectual property matters is $562 per hour and the rate for the first quartile (25%) of such attorneys is $453 per hour. A true and correct copy of pages excerpted from the AIPLA Report of the Economic Survey 2017 is filed herewith as Exhibit N.

23. I spent 23.9 hours preparing this motion and its supporting documents filed herewith.

24. Overall, by this motion, PopMatters seeks to recover $27,030 of the attorney's fees it has incurred and expended under Rule 41(d), for 63.6 hours of my time at $425 per hour.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 18, 2019.

_____
Dan Booth (*pro hac vice* admission pending)
Dan Booth Law LLC
60 Thoreau Street #121
Concord, MA 01742
dan@danboothlaw.com

## CERTIFICATE OF SERVICE

    I hereby certify that on this October 18, 2019, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to any identified non-registered participants for whom a mailing address is provided.

/ s /  <u>Scott Kane Stukel</u>