**From:** Richard Liebowitz RL@liebowitzlawfirm.com
**Subject:** Re: Craig v. PopMatters Media, Inc., No. 1:19-cv-05596 (N.D. Ill.)
**Date:** August 28, 2019 at 6:30 PM
**To:** Dan dan@danboothlaw.com

Dan,

I accidentally put the incorrect registration number in the complaint it should be VAu001160156. The photo was registered unpublished before the photograph was published. The complaint was served already. I am authorized to make an offer of $10,000.

Thank you.

Best,

Richard Liebowitz, Esq.
Liebowitz Law Firm, PLLC
t.516-233-1660
RL@LiebowitzLawFirm.com
www.LiebowitzLawFirm.com

*********************************************************************

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

*********************************************************************

> On Wed, Aug 28, 2019 at 11:52 AM Dan <dan@danboothlaw.com> wrote:
>
> Mr. Liebowitz,
>
> I did not get a response and I am writing back to make sure you received my message. As I told you in both October and December, we are authorized to waive service on request. Let me know if you want to avoid the costs of service.
>
> I must also advise you to avoid incurring, and imposing, any more costs litigating this frivolous claim. PopMatters has several independent and complete defenses at its disposal and if you force it to litigate and defend the claim, it expects to prevail and to seek a full award of costs and fees under 17 U.S.C. § 505 and 18 U.S.C. § 1927. Mr. Craig licensed the photo along with several others to Sony/Legacy, which published them in the booklet to the Miles Davis box set *Miles at the Fillmore*, released in March 2014. In turn, Sony/Legacy licensed the photo for promotional use by media outlets and sent the photograph to PopMatters for use online. By definition, a licensed publicity use is not an infringement. The complaint also fails to mention that when Mr. Craig obtained a copyright registration in November 2014, he falsely claimed that the photograph was part of an unpublished collection, though it had been published in connection with the *Fillmore* release. A knowing, material inaccuracy renders the registration invalid.
>
> Regards,
>
> Dan Booth
> Dan Booth Law LLC
> 60 Thoreau Street #121
> Concord, MA 01742
> 646-573-6596
> dan@danboothlaw.com
>
>> On Aug 22, 2019, at 1:26 PM, Dan <dan@danboothlaw.com> wrote:
>>
>> Mr. Liebowitz,
>>
>> I learned today that you refiled suit against PopMatters Media in the Northern District of Illinois on Monday. Proceeding with a new lawsuit is a frivolous, Pyrrhic exercise. My client has several sound defenses, and even if you were to somehow prevail, as I have explained, you cannot reasonably expect to recover as much as my client offered under Rule 68 in September. We will fully defend the claim.
>>
>> As I told you in December, I am authorized to waive service of process entirely upon a proper request for waiver. (See http://www.uscourts.gov/sites/default/files/ao398.pdf.)

> Regards,
>
> Dan Booth
> Dan Booth Law LLC
> 60 Thoreau Street #121
> Concord, MA 01742
> 646-573-6596
> dan@danboothlaw.com