**From:** Dan dan@danboothlaw.com
**Subject:** Re: Craig v. PopMatters Media, Inc., No. 1:19-cv-05596 (N.D. Ill.)
**Date:** September 5, 2019 at 1:44 PM
**To:** Richard Liebowitz RL@liebowitzlawfirm.com

Mr. Liebowitz,

You have not responded to this settlement offer so I presume you are moving forward. But you tell me the complaint is incorrect. Paragraph 9 of the complaint refers to copyright registration number VAu001192067, and exhibit B shows that certificate, not the one you now say you should have filed.

PopMatters' answer is due on September 16. It should not have to bear the cost of a motion for a more definite statement. To avoid that, please file an amended complaint this week reflecting the registration that you claim supports the claim.

Regards,

Dan Booth
Dan Booth Law LLC
60 Thoreau Street #121
Concord, MA 01742
646-573-6596
dan@danboothlaw.com

> On Aug 29, 2019, at 10:04 AM, Dan <dan@danboothlaw.com> wrote:
>
> Mr. Liebowitz,
>
> PopMatters has authorized another Rule 68 offer, as it did when you initiated the action in the Southern District of Illinois last year. Service is attached. Please inform promptly whether you will accept.
>
> PopMatters operates on the thinnest of budgets. It cannot afford a larger offer. And there is no reason to think that you could improve on the offer at trial. In the Seventh Circuit, any award of statutory damages for more than the statutory minimum requires an evidentiary basis. See Video Views, Inc. v. Studio 21, Ltd., 925 F.2d 1010 (7th Cir. 1991). Courts require that statutory damages "should represent some approximation of actual damages." Coach, Inc. v. 3D Designers Inspirations, 70 F. Supp. 3d 942, 947 (C.D. Ill. 2014). All available evidence is that PopMatters is offering to settle for almost six times more than any damages Mr. Craig could plausibly claim. According to the new complaint, he discovered PopMatters' April 2016 use of the photograph in February 2017. Instead of requesting a takedown, which PopMatters would have immediately granted, he waited until September 2018 and filed suit (in the wrong court). Any claim for damages should be based on only the first ten months of use. As I've explained, Getty offers to license this comparable (though far more better known) photograph for $138 per year, on a website with a circulation of up to 50,000, far more than viewed the PopMatters article in those ten months. https://media.gettyimages.com/photos/jazz-trumpeter-and-composer-miles-davis-performs-with-gary-bartz-on-picture-id137475559 As I've also explained, PopMatters' "profits" attributable to the use, over the entire period the photo appeared on its site, cannot be greater than $5.00.
>
> If you will not accept PopMatters' offer, you must file an amended complaint to clarify which registration is the basis for the claim, before we are obligated to answer. It's incredible that you've been pursuing this claim through two courts on the basis of the wrong registration. It's also incredible that you continue to force my client to spend more money on this claim than it can possibly be worth.
>
> Regards,
>
> Dan Booth
> Dan Booth Law LLC
> 60 Thoreau Street #121
> Concord, MA 01742
> 646-573-6596
> dan@danboothlaw.com
>
> <PopMatters Rule 68 Offer.pdf>
>
>> On Aug 28, 2019, at 6:30 PM, Richard Liebowitz <RL@liebowitzlawfirm.com> wrote:
>>
>> Dan,
>>
>> I accidentally put the incorrect registration number in the complaint it should be VAu001160156. The photo was registered unpublished before the photograph was published. The complaint was served already. I am authorized to make an offer of

unpublished before the photograph was published. The complaint was served already. I am authorized to make an offer of $10,000.

Thank you.

Best,

Richard Liebowitz, Esq.
Liebowitz Law Firm, PLLC
t.516-233-1660
RL@LiebowitzLawFirm.com
www.LiebowitzLawFirm.com

*******************************************************************

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

*******************************************************************

On Wed, Aug 28, 2019 at 11:52 AM Dan <dan@danboothlaw.com> wrote:
> Mr. Liebowitz,
>
> I did not get a response and I am writing back to make sure you received my message. As I told you in both October and December, we are authorized to waive service on request. Let me know if you want to avoid the costs of service.
>
> I must also advise you to avoid incurring, and imposing, any more costs litigating this frivolous claim. PopMatters has several independent and complete defenses at its disposal and if you force it to litigate and defend the claim, it expects to prevail and to seek a full award of costs and fees under 17 U.S.C. § 505 and 18 U.S.C. § 1927. Mr. Craig licensed the photo along with several others to Sony/Legacy, which published them in the booklet to the Miles Davis box set *Miles at the Fillmore*, released in March 2014. In turn, Sony/Legacy licensed the photo for promotional use by media outlets and sent the photograph to PopMatters for use online. By definition, a licensed publicity use is not an infringement. The complaint also fails to mention that when Mr. Craig obtained a copyright registration in November 2014, he falsely claimed that the photograph was part of an unpublished collection, though it had been published in connection with the *Fillmore* release. A knowing, material inaccuracy renders the registration invalid.
>
> Regards,
>
> Dan Booth
> Dan Booth Law LLC
> 60 Thoreau Street #121
> Concord, MA 01742
> 646-573-6596
> dan@danboothlaw.com
>
>
>> On Aug 22, 2019, at 1:26 PM, Dan <dan@danboothlaw.com> wrote:
>>
>> Mr. Liebowitz,
>>
>> I learned today that you refiled suit against PopMatters Media in the Northern District of Illinois on Monday. Proceeding with a new lawsuit is a frivolous, Pyrrhic exercise. My client has several sound defenses, and even if you were to somehow prevail, as I have explained, you cannot reasonably expect to recover as much as my client offered under Rule 68 in September. We will fully defend the claim.
>>
>> As I told you in December, I am authorized to waive service of process entirely upon a proper request for waiver. (See http://www.uscourts.gov/sites/default/files/ao398.pdf.)
>>
>> Regards,
>>
>> Dan Booth
>> Dan Booth Law LLC
>> 60 Thoreau Street #121
>> Concord, MA 01742

646-573-6596
dan@danboothlaw.com