IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GLEN CRAIG, | ) | Case No. 1:19-cv-05596 (RAG) |
| | ) | |
| Plaintiff, | ) | **DEFENDANT'S MOTION FOR** |
| | ) | **INSTRUCTIONS UNDER** |
| v. | ) | **LOCAL RULE 54.3(g)** |
| | ) | |
| POPMATTERS MEDIA, INC. | ) | |
| | ) | |
| Defendant. | ) | |

  Defendant PopMatters Media, Inc. ("PopMatters"), the prevailing party in this Copyright Act action, seeks instructions from the Court pursuant to LR 54.3(g) because it appears that Plaintiff Glen Craig ("Craig"), through his lead counsel Richard Liebowitz ("Liebowitz"), is refusing or failing to fully comply with LR 54.3(d)(5).

  As noted in PopMatters' bill of costs, Craig has dismissed this action twice—first in the Southern District of Illinois in 2018, and then in this Court. Doc. 19. That second notice of dismissal was filed on October 19, 2019. Doc. 16. Dismissal was final and with prejudice because it "operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). A voluntary dismissal with prejudice confers prevailing party status on a copyright infringement defendant such as PopMatters, permitting a claim for attorney's fees under the Copyright Act, 17 U.S.C. § 505. *Bell v. Lantz,* 825 F.3d 849, 850 (7th Cir. 2016); *CRST Van Expedited, Inc. v. EEOC*, 136 S. Ct. 1642, 1646 (2016) ("a favorable ruling on the merits is not a necessary predicate to find that a defendant has prevailed").

  PopMatters seeks instruction on how to proceed because Craig has not disclosed the information required under LR 54.3(d)(5): time and work records for Liebowitz and his local counsel, evidence of their hourly rates and expenses incurred, or evidence he might use to oppose PopMatters' requested hours or rates.

1

Since dismissal PopMatters has diligently pursued fees awards in both actions. It moved to recover its fees incurred in the first action in the Southern District of Illinois on November 4, 2019. *Craig v. PopMatters Media, Inc.*, Case No. 3:18-cv-01713-SMY-SCW (S.D. Ill. filed Nov. 4, 2019); Declaration of Dan Booth ("Booth Decl.") ¶ 3. Anticipating its motion for its fees incurred in this second action, PopMatters provided its LR 54.3(d)(1)-(2) disclosures to Liebowitz on November 7, 2019 and offered to confer at once. Booth Decl. ¶ 4; Exhibit 1 hereto. Its disclosures were timely under LR 54.3(d)(4). Craig's disclosures were due within 21 days, by November 28, 2019. LR 54.3(d)(5).

When the parties conferred on November 15, 2019, Liebowitz was not prepared to make or discuss Craig's disclosures. He provided none of the information required under LR 54.3(d)(5), and admitted that he had not yet read PopMatters' disclosures or its fee motion filed in the Southern District of Illinois. When PopMatters asked him why he had initiated suit in that venue without basis, and why he had then dismissed it and renewed the suit in this Court, only to dismiss it again the day after PopMatters' first filings, he could not come up with any reason, and said he would give a reason in his response to the motion. Booth Decl. ¶ 5; Exhibit 2 hereto.

PopMatters filed its bill of costs timely that same day under LR 54.1(a). Doc. 16.

On November 27, 2019, James Freeman, a Liebowitz associate, sent PopMatters a letter bearing Liebowitz's electronic signature. Booth Decl. ¶ 6; Exhibit 3 hereto. The letter omitted or evaded substantially all required LR 54.3(d)(5) disclosures, declaring:

> Because Plaintiff's counsel works on contingency, we did not maintain time records pertaining to this specific litigation. However, we estimate that a total of 12 hours was expended during the course of litigation by Plaintiff's counsel, at the rate of $425/hr., or $5100.00 in fees. The costs incurred are $400 filing fee and $40 service fee, or $40.00 total.

*Id*. He also sent a marked-up copy of PopMatters' statement of services rendered. *Id*.; Exhibit 4 hereto.

As PopMatters explained in a response letter sent on December 4, 2019, that disclosure was substantially incomplete and deficient. Booth Decl. ¶ 7; Exhibit 5 hereto. The Liebowitz letter did not disclose the amount of attorney's fees Craig paid, furnish time and work records, or provide evidence of each billers' hourly rates. It indicated that Liebowitz's firm worked on contingency without addressing Craig's fee arrangement with local counsel. It asserted a billing rate of $425 per hour, without evidence, and without distinguishing between Liebowitz, his associate(s), and local counsel ("all billers" under LR 54.3(d)(5)(B)). It estimated 12 hours expended, again without evidence, and without distinguishing which of Craig's counsel the estimate applied to.

Further, the contention that Craig's counsel did not maintain time records because it worked on contingency cannot be credited, because it is contrary to Liebowitz's standard practices as America's most prolific copyright litigant. See Doc. 14-15. When Liebowitz's firm obtains entry of default in other contingency cases, it routinely seeks awards of attorney's fees under 17 U.S.C. § 505 and files itemized statements of fees with specific dates, time records, and descriptions of his services performed.[1]

---

[1] See for example ECF No. 11, *Mantel v. Smash.com Inc.*, No. 19-cv-6113 (W.D.N.Y. filed Sept. 11, 2019); ECF No. 16, *Vigliotti v. Headout Inc.*, No. 19-cv-1571 (S.D.N.Y. filed Sept. 6, 2019); ECF No. 11, *Cunningham v. Montgomery & Assocs., Inc.*, No. 19-cv-10 (N.D. Ind. filed Sept. 4, 2019); ECF No. 11-1, *Stridiron v. Cmty. Broadcasters, LLC*, No. 19-cv-108 (N.D.N.Y. filed May 10, 2019); ECF No. 18, *Ward v. Consequence Holdings, Inc.*, No. 18-cv-1734 (S.D. Ill. filed Apr. 22, 2019); ECF No. 30, *Mordant v. Citinsider, LLC*, No. 18-cv-9054 (S.D.N.Y. Mar. 4, 2019); ECF No. 11, *Mango v. Northside Media Group LLC*, No. 18-cv-5504 (E.D.N.Y. filed Feb. 5, 2019); ECF No. 12, *Mango v. Pacifica Found., Inc.*, No. 18-cv-6318 (E.D.N.Y. filed Jan. 17, 2019); ECF No. 18, *Whitehead v. Mix Unit, LLC*, No. 17-cv-9476 (S.D.N.Y. filed Dec. 20, 2018); ECF No. 22-1, *Romanowicz v. Alister & Paine, Inc.*, No. 17-cv-8937 (S.D.N.Y. filed

Craig also failed to furnish any valid evidence that he will use to oppose PopMatters' requested hours or rates. Instead, his counsel offered legal arguments that PopMatters had not performed any legal work in this action that had not already been performed in the first action. Exhibit 3. His markup of PopMatters' time records primarily highlighted entries related to PopMatters' Rule 41(d) motion filed on October 18, 2019 (Doc. 14), which had precipitated the notice of dismissal that Craig filed the following day (Doc. 16). Exhibit 4. The markup also highlighted entries related to the fee motion filed in the first action, but as PopMatters informed Craig, PopMatters will not seek to recover for those hours in this Court, unless so instructed by the Court or by the Southern District of Illinois. Exhibit 5 pp. 3-4.

PopMatters' letter notifying Craig of his deficiencies under LR 54.3(d) requested full compliance by close of business on December 5, 2019, so that PopMatters could comply with the LR 54.3(g) deadline. *Id.* p. 7. Craig did not respond. Booth Decl. ¶ 8. PopMatters then informed Craig that it would file a motion for instructions by close of business today, December 6, 2019. *Id.* ¶ 9; Exhibit 6. Again, Craig did not respond. *Id.* Craig's failure to provide information required by LR 54.3 has frustrated PopMatters' attempts to confer in good faith.

---

May 25, 2018); ECF No. 19, *Myeress v. Brissi Group, LLC*, No. 17-cv-9691 (S.D.N.Y. filed May 8, 2018); ECF No. 13-1, *Myeress v. Elite Travel Group USA Inc.*, No. 18-cv-340 (S.D.N.Y. filed May 2, 2018); ECF No. 16-7, *Marzullo v. Karmic Release Ltd.*, No. 17-cv-7482 (S.D.N.Y. filed Apr. 20, 2018); ECF No. 14-8, *Parisienne v. 4Control Media, Inc.*, No. 17-cv-10076 (S.D.N.Y. filed Apr. 4, 2018); ECF No. 19-1, *Sands v. Hologram USA Networks Inc.*, No. 17-cv-9692 (S.D.N.Y. filed Apr. 4, 2018); ECF No. 17-1, *Rice v. Sutton New Media LLC*, No. 17-cv-8332 (S.D.N.Y. filed Mar. 20, 2018); ECF No. 13-2, *VSL Dokumentikos Namai v. IFL Science LLC*, No. 17-cv-10068 (S.D.N.Y. filed Mar. 19, 2018); ECF No. 28-1, *Fortune v. Flavorpill Prods. LLC*, No. 16-cv-9022 (S.D.N.Y. filed Sept. 29, 2017); ECF No. 22-1, *Martinka v. HNGN, Inc.*, No. 17-cv-3208 (S.D.N.Y. filed Sept. 28, 2017).

WHEREFORE, PopMatters respectfully requests that the Court provide instructions on how to proceed on its anticipated motion for fees.

Dated: December 6, 2019            Respectfully submitted,

/ s / Dan Booth
Dan Booth (admitted *pro hac vice*)
Dan Booth Law LLC
60 Thoreau Street #121
Concord, MA 01742
dan@danboothlaw.com

/ s / Scott Kane Stukel
Scott Kane Stukel (#6317252)
Cameron & Kane, LLC
2846A N. Milwaukee Avenue
Chicago, IL 60618
scott@cameronandkane.com

*Counsel for Defendant*
*PopMatters Media, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this December 6, 2019, I filed the foregoing motion and the supporting declaration and exhibits electronically via the Court's ECF system, and thereby caused a true and correct copy of said document to be served on each other party registered through ECF.

/ s / Dan Booth

5