IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLEN CRAIG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:19-cv-05596 |
| ) | |
| POPMATTERS MEDIA, INC. ) | Honorable Ronald A. Guzman |
| ) | |
| Defendant. ) | |

**DECLARATION OF DAN BOOTH IN SUPPORT OF DEFENDANT'S
MOTION FOR INSTRUCTIONS PURSUANT TO LOCAL RULE 54.3(g)**

I, Dan Booth, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am counsel for PopMatters Media, Inc. ("PopMatters"), the defendant in this lawsuit. I submit this declaration in support of its Motion for Instructions Pursuant to Local Rule 54.3(g). I have personal knowledge of all facts set forth herein, and would testify to those facts if required to do so in this action.

2. Glen Craig ("Craig"), the plaintiff in this action, through his attorney Richard Liebowitz ("Liebowitz"), initiated an earlier lawsuit raising the same claim against PopMatters, *Craig v. PopMatters Media, Inc.*, Case No. 3:18-cv-01713, in the United States District Court for the Southern District of Illinois, by a complaint filed on September 11, 2018, which he voluntarily dismissed upon notice on December 17, 2018 (the "first action"). True and correct copies of the complaint and notice of dismissal in the first action were previously filed in this action as ECF Nos. 14-4 and 14-12.

3. Craig voluntarily dismissed the action in this Court by notice filed on October 19, 2019. Since that dismissal PopMatters has diligently pursued fees awards in both actions. PopMatters filed a motion in the Southern District of Illinois on November 4, 2019 to recover its fees incurred in the first action.

4. Anticipating its motion for its fees incurred in this second action, PopMatters provided its LR 54.3(d)(1)-(2) disclosures to Liebowitz on November 7, 2019 and offered to confer at once. I exchanged emails with Liebowitz on that date. A true and correct copy of an email chain between us on that date is attached hereto as Exhibit 1.

5. Liebowitz and I conferred under LR 54.3(d) on November 15, 2019. He was not prepared to make or discuss Craig's disclosures. He provided none of the information required under LR 54.3(d)(5), and admitted that he had not yet read PopMatters' disclosures or its fee motion filed in the Southern District of Illinois. When I asked him why he had initiated suit in that venue without basis, and why he had then dismissed it and renewed the suit in this Court, only to dismiss it again the day after PopMatters' first filings, he could not come up with any reason, and said he would give a reason in his response to the motion. I also exchanged emails with Liebowitz on that date. A true and correct copy of an email chain between us on that date is attached hereto as Exhibit 2.

6. On November 27, 2019, I received an email from Liebowitz's associate James Freeman, with two attachments. The first was a letter bearing Liebowitz's signature. A true and correct copy of that letter is attached hereto as Exhibit 3. The second attachment was a copy of my statement of services rendered, which had been among PopMatters' LR 54.3(d)(1) disclosures, that Craig's counsel had marked up with blue highlighting. A true and correct copy of that marked-up copy is attached hereto as Exhibit 4.

7. On December 4, 2019, I sent an email to Liebowitz on behalf of PopMatters with a response letter attached that discussed the material deficiencies in Craig's LR 54.3 disclosures. A true and correct copy of that deficiency letter is attached hereto as Exhibit 5.

8. The deficiency letter requested full compliance with the requirements of LR 54.3 by 5:00 p.m. on December 5, 2019. Craig did not respond to the deficiency letter.

9. This morning, December 6, 2019, I sent Liebowitz an email explaining that PopMatters would file its motion for instructions today because he had not complied with the disclosure requirements of LR 54.3(d)(5). A true and correct copy of that email, at the end of a chain of emails including Mr. Freeman's November 27, 2019 email and my December 4, 2019 email, is attached hereto as Exhibit 6. Craig did not respond to that email.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 6, 2019.

/s/ Dan Booth

Dan Booth (admitted *pro hac vice*)
Dan Booth Law LLC
60 Thoreau Street #121
Concord, MA 01742
dan@danboothlaw.com