

11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
www.LiebowitzLawFirm.com

November 27, 2019

**VIA E-MAIL**

Dan Booth
Dan Booth Law LLC
60 Thoreau Street #121
Concord, MA 01742
646-573-6596
dan@danboothlaw.com

Re: *Craig v. Popmatters Media, Inc.* 1:18-cv-05596 (RAG)
U.S. District Court for the Northern District of Illinois

Dear Counsel:

We represent Plaintiff Craig Matters in the above-captioned case and write pursuant to Rule 54 of the Federal Rules of Civil Procedure and Local Rule 54.3 and in response to Defendant PopMatters Media, Inc. ("Defendant") purported intent to file a motion for attorneys' fees under section 505 of the Copyright Act, 17 U.S.C. § 505.

**A.     General Objection to Motion for Fees**

As a preliminary matter, any motion for fees under section 505 will be deemed untimely. Although Defendant moved for costs and fees under Rule 41(d) of the Federal Rules of Civil Procedure on October 18, 2019 [Dkt. #14], that motion was stricken by the Court on October 21, 2019 [Dkt. # 17 (stating "All pending motions and schedules in this case are stricken")].

Pursuant to Rule 54(d)(2)(B)(i), any motion for fees under section 505 was due to be filed on or before November 4, 2019, or 14 days after the Court's entry of judgment.  No motion for fees was filed.  Accordingly, the proposed motion for fees is untimely.

Furthermore, Defendant has already filed a duplicative motion for fees under section 505 in the Southern District of Illinois. See *Craig v. PopMatters Media, Inc.*, 3:18-cv-01713-SMY-SCW [Dkt. # 10]

**B.     Respondent's Time and Work Records**

Because Plaintiff's counsel works on contingency, we did not maintain time records pertaining to this specific litigation.  However, we estimate that a total of 12 hours was expended during the course of litigation by Plaintiff's counsel, at the rate of $425/hr., or $5100.00 in fees. The costs incurred are $400 filing fee and $40 service fee, or $40.00 total.





**C.     Identity and Basis of Objections to Movant's Specific Hours and Billing Rates**

Courts decline to award fees for duplicative time entries. *Okoro v Pyramid 4 Aegis*, 11-C-267, 2012 WL 12356838, at *4 (E.D. Wis. Nov. 15, 2012). Further, "[a] court should not award attorneys' fees to a party for time entries that are so vague that it is impossible to discern whether the time is excessive or even relevant to the claim on which the plaintiff prevailed." *Crispin R., Jr. v Bd. of Educ. of the City of Chicago, Dist. 299*, 09-CV-3993, 2010 WL 3701328, at *6 (N.D. Ill. Sept. 10, 2010); see also *Cooper v. Verifications, Inc.,* 2008 WL 5332190, *12 (N.D.Ind. Dec.18, 2008) ("'Where a court finds hours to be insufficiently documented, it may disallow those hours or reduce the entire fee award by a proportionate amount.' ") (quoting *Delgado v. Vill. of Rosemont,* 2006 WL 3147695, at *2 (N.D.Ill. Oct.31, 2006)); *Jardien v. Winston Network, Inc.,* 888 F.2d 1151, 1160 (7th Cir.1989) (noting that courts should not award fees for excessive or duplicative work).

Here, the vast majority of time records produced by the Defendant are duplicative, excessive and/or vague. With respect to those hours billed defending the action in the Northern District, Defendant claims that his attorney expended a total of 63.6 hours, 23.9 hours of which were purportedly spent drafting an unnecessary Rule 41(d) motion. [Dkt. # 14-3; Booth Declr. 23-24] However, the State of Account for Professional Services Rendered through November 6, 2019 (Dan Booth Law LLC) indicates that 58.4 hours were spent in the Northern District action. This amount if grossly excessive and highly duplicative of legal work allegedly performed in the Southern District Action, none of which may be credited.[1] It is not feasible that Mr. Booth expended 63.6 hours in an action where there was absolutely no legal work performed by Defendant.

Other than filing a motion for *pro hac vice* [Dkt. # 11] and a frivolous Rule 41(d) motion [Dkt. #14] which was ultimately stricken by the Court [Dkt. #17], there is no indication on the record that Defendant performed any legal work at all with respect to the Northern District Action, which was voluntarily dismissed by Plaintiff only two months after it was filed. Indeed, defense counsel failed to perform any legal work in the Northern District that wasn't already performed in the Southern District action. As a result, the 63.6 hours billed by Defense counsel in the Northern District Action is wholly duplicative of the work performed in the Southern District. We have attached a copy of your time sheets with blue highlights indicating 2019 work that was duplicative, unnecessary, excessive, and/or vague.

**Conclusion**

---

[1] Courts which have awarded attorneys' fees due to a voluntary dismissal have limited payment of Rule 41(d) attorneys' fees to compensation for work done in the first action that cannot be used in a second existing or contemplated action. *See Adams v. New York State Educ. Dep't*, 630 F.Supp.2d 333, 343–44 (S.D.N.Y. 2009); see also *Esquivel v Arau*, 913 F. Supp. 1382, 1392 (C.D. Cal. 1996) ("defendants are entitled to both expenses and attorneys' fees that are reasonably incurred and that <u>will not contribute toward defendants' defense in the present case</u>.") (underline added)

Liebowitz Law Firm, PLLC

      As will be set forth in Plaintiff's opposition brief, Defendant should not be awarded any attorneys' fees in connection with the Northern District Action. To the extent any fees are awarded, the hours expended should not exceed 12 hours at the rate of $350/hr.

      Very Truly Yours,

**/richardliebowitz/**
Richard Liebowitz

*Counsel for Plaintiff Glen Craig*