Dan Booth Law LLC
60 Thoreau Street #121
Concord, MA 01742
dan@danboothlaw.com



December 4, 2019

Richard Liebowitz
Liebowitz Law Firm, PLLC
11 Sunrise Plaza Suite 305
Valley Stream, NY 11580
rl@liebowitzlawfirm.com

Sent via email

Re:   *Glen Craig v. PopMatters Media, Inc.*, No. 1:19-cv-05596 (N.D. Ill.)

Mr. Liebowitz,

On behalf of PopMatters Media, Inc. ("PopMatters"), I write concerning certain material deficiencies in your November 27, 2019 letter. You have failed to timely comply with the basic requirements of LR 54.3, which aims to help parties resolve or narrow fee disputes without court intervention. By failing to supply information specifically required by LR 43.3(d)(5), you have needlessly exacerbated and multiplied the dispute. I write to address the issues raised by your letter and to request that you promptly remedy the deficiencies, by December 5, 2019, before a motion for instructions under LR 54.3(g) is required.

### A.    Procedural Background

As you know, PopMatters is the prevailing party in the above-referenced action (the "Second Action") under the two-dismissal rule set forth in Fed. R. Civ. P. 41(a)(1)(B). You filed a notice of dismissal on behalf of Glen Craig on December 17, 2018 in his earlier action over the same claim in the Southern District of Illinois, *Glen Craig v. PopMatters Media, Inc.*, No. 3:18-cv-01713 (S.D. Ill.) (the "First Action"). You renewed the claim by initiating the Second Action in the Northern District of Illinois on August 19, 2019 and filed an amended complaint on September 10, 2019. On October 18, 2019, PopMatters' counsel entered our appearances in the Second Action and moved under Rule 41(d) for a stay until Craig paid the fees PopMatters had incurred in the First Action. You filed a notice of dismissal in the Second Action the next day, October 19, 2019, and the Court closed the Second Action on October 21, 2019.

In the First Action, PopMatters moved for an award of its attorney's fees on November 4, 2019. Therein PopMatters seeks an award for a total of 89.4 hours of services provided to PopMatters, at $425 per hour: 61.2 hours of services I rendered during the pendency of that action, from September 19 through December 17, 2018, plus 28.2 hours I spent primarily directed toward researching and preparing that motion for fees and supporting documents from October 21

1

Dan Booth Law LLC
60 Thoreau Street #121
Concord, MA 01742
dan@danboothlaw.com



through November 4, 2019, when the fee motion was filed.[1] First Action, ECF No. 10 p. 20 & No. 10-18 (S.D. Ill. filed Nov. 4, 2019). Your November 15, 2019 motion for additional time to oppose that fee motion in the First Action remains pending.

In the Second Action, I served PopMatters' required LR 54.3 disclosures on November 7, 2019, providing the time and work records on which its fee motion will be based, identifying the hours for which compensation will be sought, and indicating counsel's hourly rates with representative business records evidencing those rates. Those records include a Cameron & Kane invoice reflecting 2.9 hours of services performed by local counsel Scott Kane Stukel, exclusively in the Second Action, at $250 per hour, and a Dan Booth Law statement of services reflecting 67.4 hours of services I performed at $425 per hour.[2] Of my 67.4 hours reflected on that statement, 39.2 hours were spent exclusively on the Second Action, from August 22, 2019 through October 20, 2019. The other 28.2 hours, expended after you filed the second notice of dismissal, were primarily directed toward researching and preparing the fee motion and supporting documents filed in the First Action on November 4, 2019.

I proposed that we confer regarding the fee motion. We conferred by telephone on November 15, 2019. During our conference call, it was apparent that you had not yet read my November 7 LR 54.3 disclosures (the subject of the call) since you did not even know the amounts claimed. You specifically stated that you had not yet read the November 4 fee motion filed in the First Action, though it was also pertinent to our call. Further, when I asked you for a reason why you had initiated the First Action in an improper venue, and why you had renewed suit in the Second Action only to dismiss it the day after PopMatters' first filings, you indicated that you had not yet formulated a reason why, but that you would when the time came for your response to the fee motion. I took your statements to mean that you were not engaging in the LR 54.3 call in a good faith effort to agree on the amount of fees that should be awarded. I sent you an email later that day stating, "PopMatters will seek compensation for all of its attorneys' fees, including all time wasted in this pre-motion conference process, which you are not engaging in good faith." On the same day, November 15, 2019, I filed PopMatters' bill of costs in the Second Action. Your

---

[1] I discovered today while preparing this letter that due to calculation errors, my filings in the First Action in support of the fee motion erroneously stated that I had worked on the case for 60.2 hours during its pendency, when in fact I had worked one hour more; and also erroneously stated that I had worked 29.2 hours preparing that fee motion and the supporting documents, when I had worked one hour less. The two errors cancel each other out and result in the same

[2] The individual time entries in the Dan Booth Law statement of services I provided for your review on November 7 are true and correct. However, while preparing this letter, I discovered that the statement included certain erroneous figures, mistakenly citing both the total number of hours and the resulting total claimed in fees. A corrected version, reflecting the correct 67.4 hours total, will be submitted to the Court in support of the fee motion.

Dan Booth Law LLC
60 Thoreau Street #121
Concord, MA 01742
dan@danboothlaw.com



associate James Freeman sent me a letter on your behalf and bearing your electronic signature regarding the LR 54.3 fee motion on November 27, 2019, to which PopMatters now responds.

### B. Your "General Objection" to the Timeliness of the Fee Motion Is Without Basis.

Your letter first asserts that, "[a]s a preliminary matter, any motion for fees under section 505 will be deemed untimely. ... Pursuant to Rule 54(d)(2)(B)(i), any motion for fees under section 505 was due to be filed on or before November 4, 2019, or 14 days after the Court's entry of judgment. No motion for fees was filed. Accordingly, the proposed motion for fees is untimely."

Your objection to the timeliness of the proposed fee motion is baseless and squarely contradicted by the rules. The general requirement that a fee motion be filed no later than 14 days after entry of judgment only applies "unless a statute or court order provides otherwise." Fed. R. Civ. P. 54(d)(2)(B)(i). And "Local Rule 54.3(b) of the Northern District of Illinois does provide otherwise: it extends the time to 90 days." *Robinson v. City of Harvey*, 617 F.3d 915, 918 (7th Cir. 2010). The federal rule specifically anticipates that district courts will provide for different schedules, and the Seventh Circuit has found the Northern District of Illinois rule viable and applicable. Under that rule, unless otherwise ordered by the court, a fee motion is timely if "filed and served no later than 91 days after the entry of the judgment..." LR 54.3(b). A fee motion will be timely on or before January 16, 2020.

### C. Your "General Objection" that the Fee Motion Will Be Duplicative Is Inaccurate.

You erroneously call PopMatters' pending, November 4 motion for attorney's fees filed in the Southern District of Illinois in the First Action "duplicative" of the anticipated fee motion in the Second Action. But PopMatters will not seek a duplicative award. As explained in that separate, pending motion in the First Action: "PopMatters requests an award of only its fees incurred in this action, not the second action." Defendant's Motion for an Award of Attorney's Fees under 17 U.S.C. § 505 and 28 U.S.C. § 1927, *Glen Craig v. PopMatters Media, Inc.*, No. 3:18-cv-01713, ECF No. 10 p. 20 (S.D. Ill. filed Nov. 4, 2019). Likewise, in the Second Action, PopMatters intends to base its fee motion on the time and work records of Dan Booth and Scott Kane Stukel for services incurred in the Second Action since it was filed, not in the First Action.

PopMatters will seek its fees from the court where fees were incurred, unless otherwise required. "As a general rule, a motion seeking an award of attorney fees should be sought in the court or tribunal in which those fees were incurred, unless some statute, court order, or rule requires another procedure." *Schmude v. Sheahan*, 318 F. Supp. 2d 606, 640 (N.D. Ill. 2004) (quoting Mary Francis Derfner & Arthur D. Wolf, *Court Awarded Attorney Fees* § 18.05[1] at 18-69 (rev. ed. 2003)).

Dan Booth Law LLC
60 Thoreau Street #121
Concord, MA 01742
dan@danboothlaw.com



To clarify, as I further explained in my November 7 email, in the event that the Southern District should deny an award without prejudice and require PopMatters to seek all compensation in a single court, PopMatters will seek all its fees, including those incurred in the First Action, "in the Northern District to the extent permissible." Thus, if and only if fees for the First Action are not awarded in the court where those fees were incurred, PopMatters would seek an award including those fees from the Northern District of Illinois. There will be no duplication.

### D.  Your November 27 Letter Failed to Comply with Local Rule 54.3(d)(5).

On November 7, 2019, in a good faith attempt to reach agreement on the fees to be awarded in the Second Action, we provided all disclosures and supporting evidence required by LR 54.3(d)(1) and (2). That information was timely under LR 54.3(d)(4).

Local Rule 54.3(d)(5) then required you to disclose, by November 28, 2019, "the total amount of attorney's fees paid by respondent (and all fees billed but unpaid at the time of the disclosure and all time as yet unbilled and expected to be billed thereafter) for the litigation." In addition, because you are disputing both the hours and rates PopMatters will claim, LR 54.3(d)(5) required you to furnish, among other things, time and work records kept for any of Mr. Craig's counsel (not just for you personally); "evidence of the hourly rates for all billers paid by respondent during the litigation," and any evidence you will use to oppose the requested hours or rates. Though we conferred on November 15, you did not provide any of the required information. Your November 27 letter is likewise deficient in each respect, as explained below.

#### 1.  You Failed to Specifically Disclose the Total Amount of Attorney's Fees Paid by Mr. Craig or Expected to Be Billed.

Instead of disclosing the total amount of attorney's fees paid by Mr. Craig, your November 27 response stated: "Because Plaintiff's counsel works on contingency, we did not maintain time records pertaining to this specific litigation. However, we estimate that a total of 12 hours was expended during the course of litigation by Plaintiff's counsel, at the rate of $425/hr., or $5100.00 in fees. The costs incurred are $400 filing fee and $40 service fee, or $40.00 total."

That response is materially deficient in multiple respects. You did not explain or suggest any basis for your estimation of hours worked or any basis for selecting $425 per hour as the rate. You did not expressly disclose the total amount of attorney's fees paid by Mr. Craig. It might be inferred from your statement that he paid nothing at all for any legal services in relation to this dispute, perhaps, but that does not suffice, since the rule requires express, explicit disclosure. You did not disclose, for example, whether your work was pure-contingency or partial contingency, or whether Mr. Craig was billed for any costs or expenses, or paid a retainer fee. It is further unclear whether your estimate of total hours and rates, and your admitted failure to

Dan Booth Law LLC
60 Thoreau Street #121
Concord, MA 01742
dan@danboothlaw.com



maintain time records, applies only to you personally, or also to others within your firm, or also to Mr. Craig's local counsel Yanling Jiang.

Further, the Local Rule required you to disclose "all time as yet unbilled and expected to be billed thereafter." Your response, claiming that you did not keep any time records because you worked on contingency, is not credible and cannot be reconciled with your *modus operandi*. Your practice is almost exclusively dedicated to copyright plaintiff litigation in which you routinely claim for and seek awards of attorney's fees under 17 U.S.C. §§ 505 and/or 1203(b)(5). In dozens if not hundreds of your other contingency cases, you have consistently filed itemized statements of fees with specific dates, time records, and descriptions of services purportedly performed. In all such cases, even when you do not bill contingent clients, your time is "expected to be billed thereafter" upon filing such itemized statements with the courts. It is inconceivable that you "did not maintain time records" in this action "[b]ecause Plaintiff's counsel works on contingency," as you claim, while at the same time you kept records in other contingency actions sufficient to itemize and describe services in subsequent court filings. You must specify what tasks took you 12 hours in this action with at least the same level of granularity or explain why you cannot. Please clarify and supplement with supporting evidence by 5:00 p.m. Thursday, December 5.

## 2. You Failed to Turn Over Time and Work Records for Any of Mr. Craig's Counsel and Evidence of Counsel's Hourly Rates.

Your November 27 response provided no evidence to support your claim of an estimated 12 hours worked at $425 per hour by Mr. Craig's counsel. That claim was also needlessly opaque. You failed to distinguish between time spent on the litigation in the First Action and the Second Action, and further failed to distinguish between time spent by you personally, Ms. Jiang, and your associates including Mr. Freeman.

If your estimate is that you alone worked 12 hours on this matter, then as noted above, you failed to furnish any evidence of what tasks took you 12 hours, and failed to furnish any evidence justifying that claimed $425 per hour rate. In another of your cases, for work performed just last year, you claimed and were awarded fees at a rate of only $350 per hour, and you neither identify the discrepancy nor justify the substantial rate bump. *Myeress v. Elite Travel Group USA*, No. 18-cv-340 (AJN), 2018 WL 5961424 (S.D.N.Y. Nov. 14, 2018).

On the other hand, if you estimate that you, your associates, and Ms. Jiang collectively worked a total of 12 hours, then you failed to specify the billing attorneys who worked the claimed 12 hours you estimated, and on which tasks, and at what rates for each attorney. For example, your response does not indicate whether Ms. Jiang also worked on contingency basis, or on a flat-fee basis, or at an hourly rate. If she worked on an hourly basis, you failed to provide her hourly rate

Dan Booth Law LLC
60 Thoreau Street #121
Concord, MA 01742
dan@danboothlaw.com



and time and work records as required by the Local Rule. Please clarify and supplement with supporting evidence by 5:00 p.m. Thursday, December 5.

### 3. You Failed to Furnish Any Valid Evidence that Mr. Craig Intends to Use in Opposing PopMatters' Counsel's Time Expended or Hourly Rates

While your letter expresses an intention to dispute PopMatters' counsel's hours expended and billing rates, you furnished no valid "evidence the respondent will use to oppose the requested hours [or] rates." LR 54.3(d)(5)(D). Instead, your letter primarily offers an unfounded argument that "the vast majority of time records produced by the Defendant are duplicative, excessive and/or vague."

Those arguments are baseless. You claim that "there was absolutely no legal work performed by Defendant" in the First Action and (contradictorily) that thereafter, "defense counsel failed to perform any legal work in the Northern District that wasn't already performed in the Southern District action." But as you know from both the detailed time and work records you have been provided, and from the extensive telephone and email exchanges you and I had during the pendency of each action, I was actively litigating each case and my work played a pivotal role in PopMatters prevailing in both courts. You were prepared to litigate the First Action in a remote, improper venue until I insisted that you could not; you then let the case languish until I repeatedly demanded action, under threat of a motion to dismiss and for sanctions. All time spent in the First Action forcing your hand is properly compensable in the Southern District of Illinois.

Likewise, you were prepared to litigate the Second Action despite a multitude of flaws on the merits, and to make PopMatters bear the fees you had pointlessly foisted upon it in the First Action—until PopMatters filed its Rule 41(d) motion, which (along with the other substantive and procedural flaws I brought to your attention) evidently inspired your notice dismissing the Second Action the next day. Your assessment that the time spent drafting the Rule 41(d) motion was "unnecessary" is frivolous. We filed the motion on October 18, 2019, and you filed a notice of dismissal the next day. By all available evidence, the Rule 41(d) motion led directly to the dismissal. And as I have explained, your complaint suffered such a rich variety of fatal flaws that necessarily entailed extensive legal work to prepare a proper defense. PopMatters had multiple complete defenses available, from jurisdiction (based on filing in the wrong court) to invalid registration (based on the November 2014 registration) to non-infringement (based on licensed use) to standing (based on the work-for-hire doctrine). Your withdrawal of the Southern District action at my insistence, after months of delay, addressed only the first issue. Your amendment of the complaint in this court, again at my insistence, addressed only the second issue. The work expended on each issue is compensable. PopMatters prevailed as a direct result of my strong defense in both courts. All time spent forcing your hand in the Second Action is properly compensable in the Northern District of Illinois.

Dan Booth Law LLC
60 Thoreau Street #121
Concord, MA 01742
dan@danboothlaw.com



For reasons that cannot be discerned, your November 27 letter concludes as follows: "To the extent any fees are awarded, the hours expended should not exceed 12 hours at the rate of $350 per hour." Neither that rate not that figure are supported with any evidence, which was what you were expected to provide under LR 54.3. Those numbers appear to have been drawn from thin air. Your proposed $350 per hour rate is inexplicable, where you personally have begun to claim that your clients are entitled to fees awards under 17 U.S.C. § 505 at $425 per hour for your own time expended as a fourth-year attorney. As shown in the business records PopMatters provided on November 7, $425 per hour is my standard billing rate for litigation, as a fourteenth-year attorney. Your suggested 12-hour cap is also unexplained, and its basis is impossible to discern. You provided a marked-up copy of my statement of services, on which you had highlighted all but 17.3 hours of my time in the Second Action as contested entries, stating without any further specificity, "We have attached a copy of your time sheets with blue highlights indicating 2019 work that was duplicative, unnecessary, excessive, and/or vague." Accordingly, it appears that the remaining 17.3 hours of my time (not 12 hours) expended in the Second Action is wholly uncontested. Please confirm. You also did not identify dispute with any of the 2.9 hours of time expended by Scott Kane Stukel, so at least 20.2 hours of PopMatters' time appears to be undisputed. Your proposed 12-hour cap is baseless even by your own incoherent accounting.

E.     **You Must Promptly Comply with the Requirements of LR 54.3.**

We now have several imminent deadlines before us.

First, with your November 27 letter, your failure to provide information required under LR 54.3 became manifest. Your LR 54.3(d)(5) information and evidence was due on November 28. LR 54.3(g) allows only 10 days before we must file a motion seeking instructions from the Court on how to proceed without your compliance, so that motion must be filed by December 8. Your continued failure to comply would necessitate that motion for instructions. If you have any interest in foregoing that motion practice, we will need you to provide *all* of the information and evidence required under LR 54.3(d)(5) no later than tomorrow, Thursday, at 5:00 p.m. EST, when it will be one week late. Otherwise I will then have to prepare yet another motion that you could have easily avoided.

In addition, under LR 54.3(d): "Within 14 days after the above exchange of information is completed and before the motion is filed, the parties shall specifically identify all hours, billing rates, or related nontaxable expenses (if any) that will and will not be objected to, the basis of any objections, and the specific hours, billing rates, and related nontaxable expenses that in the parties' respective views are reasonable and should be compensated. The parties will thereafter attempt to resolve any remaining disputes." The information you provided, if you consider it complete, came on November 27, which would give you until December 11 to provide all of that information. Your letter was totally unspecific and unclear and would need to be supplemented

Dan Booth Law LLC  
**60 Thoreau Street #121**  
Concord, MA 01742  
dan@danboothlaw.com

to comply. You have not explained why any particular fee entry is "duplicative, unnecessary, excessive, and/or vague." You must specifically identify the basis for each of your objections. You must also expressly identify the hours that you consider reasonable and compensable. PopMatters is not seeking its nontaxable expenses in the Second Action.

We look forward to working with you as needed to resolve any and all issues raised herein.

                 Sincerely,

                 Dan Booth

cc:  Yanling Jiang (yanling@jiangip.com)  
   James Freeman (jf@liebowitzlawfirm.com)  
   Scott Kane Stukel (scott@cameronandkane.com)

8