IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| Carmen Rivera,<br><br>    Plaintiff,<br><br>v.<br><br>The Bank of New York Mellon and Bayview Loan Servicing, LLC,<br><br>    Defendants. | No. 16 M1 108289<br><br>Calendar S<br><br>Judge Jerry A. Esrig |

## ORDER

This cause comes before the court on plaintiff's petition for attorney's fees and costs pursuant to the fee-shifting provisions of the Keep Chicago Renting Ordinance ("KCRO"). Chi., Ill. Municipal Code § 5-14-070 (2015). The parties have submitted affidavits, time records and briefs and the court held an evidentiary hearing. After carefully considering all of the evidence and arguments offered by the parties, for the reasons set forth below, the court awards the following fees and costs, finding them to be fair and reasonable:

    a. Scott Kane Stukel (Cameron & Kane LLC): $40,025 for 160.1 hours at a rate of $250 per hour;

    b. Colin Cameron (Cameron & Kane LLC): $13,580 for 38.8 hours at a rate of $350 per hour;

    c. Frank Avellone (the Lawyers Committee for Better Housing): $4,410 for 9.8 hours at a rate of $450 per hour;

    d. Jonathon Raffensperger (the Lawyers Committee for Better Housing): $4,650 for 15.5 hours at a rate of $300 per hour;

    e. Christopher Thompkins (Jenner & Block LLP): $4,275 for Christopher Thompkins's 9.5 hours at a rate of $450 per hour; and

  f. Henry Cornillie (Jenner & Block LLP): $26,025 for 86.75 hours at a rate of $300 per hour.

  g. In addition, the court awards Colin Cameron $4,165 (12.1 hours at $350 per hour), Scott Stukel $1,050 (4.2 hours at $250 per hour) and Jonathan Raffensperger $240 (0.8 hours at $300 per hour) for additional work performed on the fee petition per the supplemental affidavits each submitted after the hearing.

The total fee award is $98,420 plus costs of $801.75.

I.

In considering the fee petition, the court relied upon the following principles. First, the KCRO explicitly provides that a "prevailing plaintiff shall be entitled to recover, in addition to any other remedy available, his damages and reasonable attorney's fees." Chi., Ill. Municipal Code § 5-14-070(a) (2015). Use of the term "shall" indicates that fee shifting is mandatory. *Rath v. Carbondale Nursing & Rehab. Ctr., Inc.*, 374 Ill. App. 3d 536, 543 (5th Dist. 2007). Plaintiff is the prevailing party in this case and is therefore entitled to recover her attorney's fees from the defendants.

The purpose of a statutory attorney's fees provision is to enable plaintiffs to obtain counsel, level the economic playing field, and perform the functions of a "private attorney general." *See Blount v. Stroud*, 395 Ill. App. 3d 8, 28 (2009). "[A]ttorney's fees provisions are meant to give a financial incentive to attorneys to litigate on behalf of those clients who have meritorious cases but who, due to the limited nature of the controversy, would not normally consider litigation as being in their client's financial best interests." *Pitts v. Holt*, 304 Ill. App. 3d 871, 873 (1st Dist. 1999).

All fee awards must be "reasonable." *See Plambeck v. Greystone Mgmt.*, 281 Ill. App. 3d 260, 273 (1st Dist. 1996). Whether attorney's fees claimed are reasonable is determined by examining the following factors: "(1) the skill and standing of the attorney employed, (2) the nature of the cause, (3) the novelty and difficulty of the issues, (4) the amount and importance of the subject matter of the suit, (5) the degree of responsibility of

2

the management of the case, (6) the time and labor required, (7) the usual and customary charges for similar work in the community, and (8) the benefits resulting to the client." *Powers v. Rockford Stop-N-Go, Inc.*, 326 Ill. App. 3d 511, 515 (2001) quoted in *Crystal Lake P'ship v. Baird & Warner Residential Sales, Inc.*, 2018 IL App (2d) 170714, ¶ 84 (2018) (citing *Kaiser v. MEPC Am. Props., Inc.*, 164 Ill. App. 3d 978, 984 (1st Dist. 1987)).

"It is well settled that the party seeking attorney fees always bears the burden of presenting sufficient evidence from which the trial court can render a decision as to their reasonableness." *Palm v. 2800 Lake Shore Drive Condo. Ass'n*, 401 Ill. App. 3d 868, 879 (1st Dist. 2010). Therefore, the petitioner must provide sufficient evidence from which the court can evaluate reasonableness. *See LaHood v. Couri*, 236 Ill. App. 3d 641, 648 (3d Dist. 1992) (citing *Fiorito v. Jones*, 72 Ill. 2d 73 (1978); *Heckman v. Hosp. Serv. Corp.*, 104 Ill. App. 3d 728 (1st Dist. 1982); *Ealy v. Peddy*, 138 Ill. App. 3d 397 (5th Dist. 1985)). The petition must provide evidence that will "specify the services performed, by whom they were performed, the time expended thereon, and the hourly rate charged therefor." *Id.* (citing *Fiorito v. Jones*, 72 Ill. 2d 73 (1978); *Ealy v. Peddy*, 138 Ill. App. 3d 397 (5th Dist. 1985)). A fee petition contains all the "required information" if it identifies the responsible attorneys, describes the expertise and hourly rate of the attorneys, and details all the relevant work entries involved in the case. *See Father & Sons Home Improvement II, Inc. v. Stuart*, 2016 IL. App. (1st) 143666, ¶ 49.

A non-profit or legal-aid organization is entitled to compensation at the market rate of the legal community at large. *Pitts*, 304 Ill. App. 3d at 873–74. A court should not reduce attorney's fees simply because the petitioning party was represented by public interest attorneys, or on a pro-bono basis. *See Verbaere v. Life Inv'rs Ins. Co. of Am.*, 226 Ill. App. 3d 289, 297 (1st Dist. 1992); *see also Cannon v. William Chevrolet/Geo, Inc.*, 341 Ill. App. 3d 674, 686 (2003).

While the court may consider whether the amount of fees are proportional to the amount at issue, it is inappropriate to reduce otherwise reasonable attorney's fees for the sole reason that "the amount of the fees sought exceeds the client's recovery, even by a large margin." *Young v. Alden Gardens of Waterford, LLC*, 2015 IL App (1st) 131887, ¶ 104; *see also Verbaere*,

3

226 Ill. App. 3d at 302. When the purpose of a fee-shifting provision is to encourage private enforcement of public policy, it may be necessary to award fees which are disproportionate to the recovery. *See Merch. Nat'l Bank v. Scanlon*, 86 Ill. App. 3d 719, 730 (1st Dist. 1980).

## II.

In support of the hourly rates requested in plaintiff's Fee Petition, she submitted evidence regarding the education, experience and competence of the various lawyers who performed work on the case. Plaintiff also submitted evidence as to prevailing rates in the form of (a) the Laffey Matrix; (b) the National Association of Consumer Advocates' U.S. Consumer Law Attorney Survey Report; and (c) an Affidavit and attorney-rate chart for the Legal Assistance Foundation of Chicago, a non-profit law office that performs civil legal services, including tenant's rights cases such as the present litigation. Defendants dispute the admissibility and reliability of these sources and presented the affidavit and testimony of attorney Steven Bradshaw as to his opinion of a reasonable hourly rate for cases of this type.[1]

The court has considered all of the evidence submitted by the parties as to the reasonableness of the rates that should be applied to each of the lawyers who performed services in this case.[2] The court finds that no particular evidence is dispositive. The court may rely, and in this case, has relied upon its own experience and its observations of the lawyers and their work product during the course of the litigation. *Richardson v. Haddon*, 375 Ill. App. 3d 312, 315 (1st Dist. 2007) ("[A] court should also use its own knowledge and experience when making the reasonableness determination.").

---

[1] The court does not believe Mr. Bradshaw adequately accounted for the novel and difficult issues raised by this case, as those issues are discussed below.

[2] The court is unaware of any requirement that it strictly apply the rules of evidence to a fee petition and, therefore, feels no need to address the specifics or admissibility of each index. The court recognizes that the determination of the reasonableness of an hourly rate requires the court to consider, among other things, prevailing rates in the community – particularly where the underlying attorney-client fee arrangement is based upon a contingent percentage, so there is no evidence of an agreed upon rate or payment.

Taking all of the evidence together with the court's own experience and observations, the court finds that the following rates are reasonable:

    a. Frank Avellone (the Lawyers Committee for Better Housing), $450 per hour;

    b. Jonathon Raffensperger (the Lawyers Committee for Better Housing) $300 per hour;

    c. Christopher Thompkins, $450 per hour;

    d. Henry Cornillie's at a rate of $300 per hour;

    e. Scott Kane Stukel (Cameron & Kane LLC), $250 per hour; and

    f. Colin Cameron $350 per hour (Exhibit F).

With respect to Mr. Stukel's hourly rate, he graduated from law school in May 2014 and was admitted to the Illinois bar in November 2014. When this case was filed in April 2016 he had been a practicing attorney for eighteen months. He practices in a low-overhead environment—at least as compared to Jenner & Block. When complex legal issues arose in the case, to his credit, he brought in more experienced counsel and took direction from them. To the extent he does hourly work, his rates are in the range of $250 to $300, depending on the client. The court believes that an average rate of $250 for his work over the course of the litigation is appropriate.

### III.

The court disallows the following time:

    a. January 3, 2017, 1.0 hours of Cornillie's time;

    b. January 30, 2017, 0.4 hours of Stukel's time;

    c. March 14, 2017, 1.9 hours of Stukel's time (since this time is bundled, the court cannot determine the time attributable to the consultation between counsel);

    d. June 7, 2017, 0.7 hours of Stukel's time;

 e. June 2, 2017, 0.25 hours of Thompkins time;

 f. June 13, 2017, 0.7 hours of Stukel's time;

 g. March 19, 2018, 0.4 hours of Stukel's time; and

 f. April 3, 2018, 0.6 of Stukel's time.

Each of these entries represents time attributed to conferences among attorneys. In these instances, the court allows the time of the most senior member of the litigation team but disallows the time of the more junior members.[3] The court believes that consultations between lawyers are appropriate and can be valuable, but does not believe it is reasonable to bill a client for the time of all participants.

In addition, the court disallows the following time:

 December 12, 2016, 1.25 hours of Cornillie's time.

This time is attributed to the preparation of an additional appearance form and notice of filing. This is essentially a clerical task and the time is excessive.

In addition, the court disallows the following time:

 a. July 2, 2018, 0.4 hours of Stukel's time;

 b. July 27, 2018, 0.2 hours of Stukel's time;

 c. August 20, 2018, 0.8 hours of Stukel's time;

 d. November 13, 2018, 0.2 hours of Stukel's time;

 e. November 28, 2018, 0.1 hours of Stukel's time; and

 f. February 11, 2019, 0.4 hours of Stukel's time.

---

[3] There are instances in which an attorney bills for a conference or telephone call with other attorneys, but no other attorneys have submitted billings for day or task. In those cases, the court allows the time of the one attorney who has billed.

6

For these entries, the tasks described are clerical functions which need not be performed by lawyers and are part of overhead.

In addition, the court disallows the following time:

a. May 25, 2017, 3.9 hours of Stukel's time; and

b. May 30, 2017, 3.6 hours of Stukel's time.

On May 24, 2017, after Judge Mitchell granted plaintiff's motion to reconsider, defendants filed a motion for an extension of time to file their answer because they were preparing to file their own motion to reconsider and clarify. Plaintiff prepared and filed a seven-page, thirty-two paragraph objection and a motion for default. Defendants' motion was granted and plaintiff's motion for default was denied. The court finds that plaintiff's response and motion were excessive and that it was not reasonable to file either pleading. At plaintiff's request, the court had just reversed itself on a complex legal question which is critical to the resolution of this case and to the viability of the ordinance, generally. This complexity and importance of the issue is reflected by the fact that plaintiff is seeking to be compensated for more than seventy-five hours of time spent on the motion to reconsider which the court granted. The record does not reflect and the court does not perceive any evidence of dilatory tactics or lack of good faith in defendants' attempt to seek additional reconsideration and clarification of the court's ruling or its request to delay its answer pending resolution of the motion it had filed. To that extent, if plaintiff believed it was advisable to object to defendants' request for additional time, it could have done so, as effectively, orally, at much less cost and without any prejudice. Therefore, the court finds that the time spent on the preparation of plaintiff's response to defendant's May 24, 2017 motion for more time and plaintiff's motion for default is not reasonable.

Further, the court disallows the following time:

April 9, 2018, 2.9 hours of Stukel's time.

On March 29, 2018, the defendants requested an additional fourteen days to file a response to plaintiff's Motion for a Determination of a Major Issue. Defendants advised the court

7

that, after the briefing schedule was set in this case, the Illinois Supreme Court had entered an order in a different case which required a brief from defense counsel during the same time period. Based on a similar analysis to that described immediately above, the court finds that counsel's time spent responding to this issue was unnecessary, excessive and unreasonable.

## IV.

In all other respects, the court finds that the fees and costs are adequately supported by time entries and the testimony adduced at the hearing, and are fair and reasonable. Addressing the eight factors articulated in the *Powers* case and other cases, the court believes that the hourly rates described above reflect the skill and standing of the attorneys employed, are fair and reasonable, and are at, and in most cases, below usual and customary rates for attorneys of similar skill and experience in the legal community of Cook County, Illinois. In setting the rates, the court also considered the degree of responsibility for the management of the case and the particular aspects of the case.

With regard to the nature of the cause and the amount and importance of the subject matter of the suit, the court considers that the ordinance in question reflects a deliberate policy decision of the City of Chicago to afford relief to tenants in foreclosed property. Whether or not one agrees or disagrees with the City's policy concerns or its method for addressing those concerns, the policy objectives are clear and involve an attempt to correct a perceived imbalance between foreclosure purchasers and tenants. Despite the obvious, general economic inequality between those parties, the City has chosen to rely upon tenants themselves to enforce the policy. Recognizing that economic inequality, the City has included a fee-shifting provision to encourage tenants to litigate ordinance violations and to encourage attorneys to take those cases.

With regard to the novelty and difficulty of the issues, the court notes that both the preemption issue (as evidenced by the court's granting of a motion to reconsider) and the constitutionality of the penalty provisions of the ordinance raised such questions. The court has reviewed the briefing on the various critical issues and finds that the time allowed reflects the time

and labor required. Finally, the court finds that the fees awarded are consistent with the significant benefit resulting to the client as evidenced by the judgment entered by the court in this case.

In general, the court found that the time entries and descriptions submitted provided the court sufficient information to evaluate the fee petition, particularly in light of the court's familiarity with the papers filed and activities which took place in open court. The court does not consider descriptions, like "review and analyze," "review and revise," "draft and revise," "review and edit," "research and draft" and "draft, revise and edit" to be insufficiently specific or constitute bundling of tasks. In the court's experience, it is through a process of analyzing, researching, writing, reviewing, editing and re-drafting that pleadings, motions and briefs get written. It is also the court's experience that these tasks are often performed at the same time and that it is impossible to isolate them. That multiple attorneys with various levels of experience and different focuses worked together is not unreasonable and does not, by itself, lead to unreasonable fees. Practicing law is often a collaborative process and the court is well aware of the benefits of collaboration.

Finally, the court notes that the defendant did not offer any evidence with regard to its own fees. It did not offer evidence as to the rates charged by its counsel or that the rates requested by plaintiff's counsel were high as compared to the rates charged by defense counsel. Nor did the defendants offer evidence that the hours spent by its counsel or the total fees charged by its counsel were disproportionate to those requested by plaintiff's counsel.

\* \* \* \*

For the reasons set forth above and in the court's order entered March 5, 2019, judgment is entered in favor plaintiff and against defendants in the amount of $120,421.75 which includes $21,200 under 5-14-050(f) of the Chicago Municipal Code, $98,420 in attorney's fees plus costs of $801.75. This is a final order.

ENTERED: *Judge Jerry A. Esrig*
SEP 27 2019
Circuit Court - 2101

---

Honorable Jerry A. Esrig
Circuit Judge, Law Division

Dated: September 27, 2019