IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GLEN CRAIG, | ) | Case No. 1:19-cv-05596 (RAG) |
| | ) | |
| Plaintiff, | ) | **DECLARATION OF DAN BOOTH IN** |
| | ) | **SUPPORT OF DEFENDANT'S REPLY IN** |
| v. | ) | **FURTHER SUPPORT OF ITS PETITION** |
| | ) | **FOR AN AWARD OF ATTORNEY'S FEES** |
| POPMATTERS MEDIA, INC. | ) | **UNDER 17 U.S.C. § 505 AND 28 U.S.C. § 1927** |
| | ) | |
| Defendant. | ) | |

I, Dan Booth, declare pursuant to 28 U.S.C. § 1746 as follows:

1.      I am counsel for PopMatters Media, Inc. ("PopMatters"), the defendant in this lawsuit. I submit this declaration in support of its Reply in Further Support of Its Petition for an Award of Attorney's Fees Under 17 U.S.C. § 505 and 28 U.S.C. § 1927. I have personal knowledge of all facts set forth herein, unless such facts are expressly stated upon information and belief, and would testify to those facts if required to do so in this action.

2.      By this Petition, PopMatters seeks an award of all attorneys' fees it incurred in this action, whether assessed as costs recoverable under 17 U.S.C. § 505 or "excess" attorneys' fees under 28 U.S.C. § 1927. PopMatters' attorneys' fees have been reasonable and reasonably incurred. PopMatters spent a reasonable amount of time on the issues Craig raised and abandoned in this action.

3.      Filed herewith as Exhibit A is a true and correct itemized statement of attorney services, based on contemporaneous billing records, that accurately reflects additional work I have performed on behalf of PopMatters in connection with this action since its Petition for fees was filed, and for which PopMatters seeks to recover its incurred attorneys' fees. I personally extracted all data from the client billing records and organized the information into the statement filed as Exhibit A. The statement reflects the dates the work was performed, a detailed description of the work performed, and the time expended to the nearest tenth of an hour.

4.      The time recorded in Exhibit A was reasonably incurred. Throughout my representation of PopMatters, I have strived to minimize fees, costs and expenses and avoid any unnecessary hours or duplication of effort. I have personally reviewed the time records being submitted in Exhibit A and reduced or eliminated entries that might potentially be seen as excessive, duplicative, or unproductive. PopMatters' counsel staffed and managed the litigation as efficiently as possible and did not duplicate responsibilities. After my careful review of the time records, I believe that Craig and Liebowitz's improper filings and pursuit of this action, and matters raised in the Response to the Petition, necessitated all of the time PopMatters is submitting for compensation in Exhibit A.

5.      I have practiced as a civil litigator since 2005, when I received my Juris Doctor degree from Columbia Law School. I served as a litigation associate at Hughes Hubbard & Reed LLP in New York from 2005 to 2007 and at Goodwin Procter LLP in Boston from 2007 to 2009, and as a co-founder and partner at Booth Sweet LLP from 2010 to 2019 before launching Dan Booth Law LLC this year. I have substantial experience in intellectual property litigation, which has been the primary focus of my legal practice since 2007. Since 2010, my practice has been concentrated on litigation of intellectual property and free speech issues, chiefly involving copyrights, trademarks, domain name disputes, defamation, and intermediary liability issues.

6.      I charged PopMatters for my services in this action at my standard rate of $425 per hour. In 2013, in a case in the Southern District of Illinois, my client Anthony Smith was awarded all of his fees from the inception of suit under 28 U.S.C. § 1927 at the $409 per hour rate I then charged. *Lightspeed Media Corp. v. Smith*, No. 12-cv-889, 2013 U.S. Dist. LEXIS 168615, *19 (S.D. Ill. Nov. 27, 2013), *aff'd*, 761 F.3d 699 (7th Cir. 2014). The District Court Judge presiding in that case commented, "that's what you call bargain rates around here." *Id.*, ECF No. 101 at 17:11-13 (S.D. Ill. filed Dec. 10, 2013) (hearing

transcript). My current billing rate of $425 per hour represents a modest increase of less than 4% over the $409 per hour rate awarded in that case six years ago.

7. My billing rate of $425 per hour, agreed upon with PopMatters, is well within the usual range charged in intellectual property litigation by similarly experienced attorneys in this Court. In the Chicago area, according to the American Intellectual Property Law Association's (AIPLA) biennial survey, the average rate charged by partners in intellectual property matters is $562 per hour and the rate for the first quartile (25%) of such attorneys is $453 per hour. A true and correct copy of pages excerpted from the AIPLA Report of the Economic Survey 2017 is filed on the docket of this action at Doc. 14-17. My current billing rate is also reasonable compared to the $425 per hour rate Liebowitz claimed in this action, in a letter filed on the docket of this action at Doc. 21-4.

8. Overall, in addition to the fees and costs sought by the Petition, PopMatters seeks to recover $10,412.50 of the attorney's fees it has incurred and expended in this action since filing the Petition, for 24.5 hours of my time at $425 per hour. That includes 21.3 hours of time incurred directed toward the Reply, and 3.2 hours of time incurred directed toward PopMatters' motion to strike.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 7, 2020.

_____
Dan Booth (admitted *pro hac vice*)
Dan Booth Law LLC
60 Thoreau Street #121
Concord, MA 01742
dan@danboothlaw.com

3

**CERTIFICATE OF SERVICE**

I hereby certify that on this January 7, 2020, the foregoing Declaration, and its Exhibit A, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, including Plaintiff's duly designated local counsel.

/ s /  Dan Booth