IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GLEN CRAIG, ) | Case No. 1:19-cv-05596 (RAG) |
| ) | |
| Plaintiff, ) | **DEFENDANT'S MOTION TO STRIKE** |
| ) | **PLAINTIFF'S RESPONSE TO THE** |
| v. ) | **PETITION FOR AN AWARD OF** |
| ) | **ATTORNEY'S FEES** |
| POPMATTERS MEDIA, INC. ) | |
| ) | |
| Defendant. ) | |

On December 30, 2019, Richard Liebowitz ("Liebowitz"), as counsel for Plaintiff Glen Craig ("Craig"), filed a response (Doc. 25; "Response") to Defendant PopMatters Media, Inc.'s ("PopMatters") petition for attorney's fees (Doc. 24; "Petition"). PopMatters hereby moves to strike the Response, by which Liebowitz continues to engage in the unauthorized practice of law.

**Procedural Background**

Liebowitz is admitted to practice in the state of New York. See Doc. 14-15 p. 1. He is not a member of the Illinois bars and has not requested or been granted leave to appear *pro hac vice* in this action.

Liebowitz initiated Craig's claim in 2018 in the Southern District of Illinois, which has no local counsel requirement, although PopMatters was not subject to personal jurisdiction or venue in that forum. See Doc. 14-1 p. 11. At PopMatters' insistence, he noticed dismissal of that prior action after three months. *Id.* pp. 2-5 & 12.

Liebowitz applied for a *pro hac vice* efiling account in this Court on August 8, 2019. Doc. 6. Without noticing an appearance, petitioning for *pro hac vice* admission, or engaging local counsel, he renewed Craig's complaint in this Court on August 19, 2019, and filed an amended complaint on September 10, 2019. Doc. 1, Doc. 5. On September 25, 2019, the Executive Committee noted that Liebowitz had filed 12 cases in this Court using his efiling

1

account without an appearance or petition for admission. Doc. 6. The Court allowed Liebowitz until October 15, 2019 to comply with Local Rules 83.14, 83.15, and 83.16. Doc. 7. On October 16, 2019, Liebowitz filed a motion for a 30-day extension to comply with those Rules, stating, "I am in the process of retaining local counsel and putting together my pro hac vice motion." Doc. 8. He offered no explanation for his delays or for his failure to comply with the Local Rules before filing suit. *Id.* The Court granted the motion in part, allowing a one-week extension to October 22, 2019 to comply with the Local Rules or face dismissal. Doc. 9 ("No further extensions. … Any failure to comply with the Local Rules may result in a motion being stricken."). On October 17, 2019, Craig's local counsel entered an appearance under Local Rule 83.15. Doc. 10.

The next day, October 18, 2019, PopMatters' local counsel entered an appearance and its lead counsel moved for *pro hac vice* admission. Doc. 11, Doc. 13. It also moved under Fed. R. Civ. P. 41(d) for an order requiring Craig to pay its costs and fees incurred in the prior action in the Southern District of Illinois where Liebowitz initiated the claim in 2018, and to stay the proceedings until payment was made. Doc. 14. PopMatters noticed its motion to stay and its lead counsel's motion to appear *pro hac vice* for presentment October 22, 2019, the date set for the initial status hearing. Doc. 12, Doc. 15; see Doc. 3.

On Saturday, October 19, 2019, Liebowitz filed a notice of voluntary dismissal for Craig. Doc. 16. On October 21, 2019, the Court granted PopMatters' lead counsel *pro hac vice* admission and terminated the case in light of the notice of dismissal. Doc. 17. PopMatters submitted its bill of costs on November 15, 2019. Doc. 19. On December 6, 2019, PopMatters moved under Local Rule 54.3(g) for instructions on how to proceed with its fee motion in light of Liebowitz's failures to comply with Local Rule 54.3(d)(5). Doc. 21. At the motion hearing on

December 10, 2019, the Court set a schedule for PopMatters to file its petition for attorney's fees by December 12, 2019, Craig to respond by December 24, 2019, and PopMatters to reply by January 7, 2020. Doc. 23. The parties complied with the schedule. Doc. 24, Doc. 25, Doc. 26.

The body of the Response ran 21 pages. Doc. 25. Only Liebowitz signed it, not local counsel. His signature block stated, "*pro hac vice* application forthcoming." *Id.* p. 21.

## Argument

PopMatters moves to strike the Response Liebowitz filed based on his continuing failures to comply with the Court's rules.

To date, Liebowitz has not complied with either Local Rule 83.14 or Local Rule 83.16, despite notice of his noncompliance from the Court's Executive Committee and several direct orders from the Court. Doc. 6, Doc. 7, Doc. 9. All his work on the case constitutes unauthorized practice of law. His notice of appearance was due by August 19, 2019 when he filed the complaint. Local Rule 83.16(d). He claimed he was still preparing a *pro hac vice* motion nearly two months later, on October 16, 2019—after the deadline that the Court set for the motion under Local Rule 83.14. Doc. 7, Doc. 8. His delay is inexplicable. By the time Liebowitz moved for an extension of time to file his application in this action, he had used the same form required to move for *pro hac vice* admission in at least three other cases in this Court. See *Chin v. FDRLST Media, LLC*, No. 19-cv-5837 (N.D. Ill. filed Sept. 25, 2019); *Tabak v. TRRT, Inc.*, No. 19-cv-50206 (N.D. Ill. filed Sept. 30, 2019); *Chevrestt v. Paddock Publ'ns, Inc.*, No. 19-cv-5598 (N.D. Ill. filed Oct. 9, 2019). When the Court allowed Liebowitz another grace period until October 22, 2019, it warned him, "No further extensions"— and warned that further failures to comply with the Local Rules could result in filings being stricken or dismissal of the case. Doc. 9. He dismissed it himself when PopMatters moved to hold Craig to account for costs wasted on the

3

first frivolous, dismissed action. Doc. 14, Doc. 16. Though another two months have passed, he continues to litigate in violation of the Court's orders and rules. His signature block in the Response claims his *pro hac vice* application is still forthcoming. Response p. 21. But this case has been over for two and a half months and the application is four and a half months overdue.

In addition, Liebowitz's Response should be stricken as oversized in violation of Local Rule 7.1's 15-page limit. The body of the brief runs on for 21 pages. Liebowitz allowed himself extended digressions and redundant string citations on immaterial topics like social media websites, which were never at issue in this action; the scope of relief under Rule 41(d), which is no longer at issue; and the Court's inherent authority to redress bad faith litigation; which is a basis for sanctions not raised in the Petition. See Response pp. 17 & 26-27.

The Court may strike the Response in its entirety. Because Liebowitz ignored the Court's orders and failed to timely move for admission *pro hac vice*, a Response filed and signed only by Liebowitz should be treated as a nullity.

Alternatively, the Court should strike all material after its fifteenth page. See *Stanfield v. Dart*, No. 10 C 6569, 2014 U.S. Dist. LEXIS 32875, *27-28 (N.D. Ill. Mar. 13, 2014) (omitting from consideration matters raised after fifteenth page of briefs)). In addition, the Court should apprise the state bar of New York of Liebowitz's unauthorized practice. See *Hawkins v. Bd. of Comm'rs*, 12 Fed. Appx. 378 (7th Cir. 2001). It should also "instruct the Clerk of the Court to bring counsel's disregard for the court rules to the attention of the Executive Committee." *Olojo v. Kennedy-King College*, No. 05 C 6234, 2006 U.S. Dist. LEXIS 19682, *6 (N.D. Ill. Apr. 3, 2006). "Seeking leave to appear pro hac vice is a privilege, not a right." *Id.* (citing *Leis v. Flynt*, 439 U.S. 438, 442 (1979)).

If Liebowitz files a belated motion for *pro hac vice* admission, it should be denied. He has an extensive track record of sanctionable conduct and disregard for court orders and rules up to and including contempt. See Pet. pp. 8 & 12 & nn. 1 & 3 (collecting cases). Courts often take a dim view of his fitness to practice and deny *pro hac vice* status. See Minute Entry, *Stross v. LFLYNN LLC*, No. 19-cv-6049 (N.D. Ill. Dec. 2, 2019) (denying motion for extension of time to file *pro hac vice* motion); Minute Entry, *Chin v. FDRLST Media, Inc.*, No. 19-cv-5837 (N.D. Ill. Nov. 19, 2019) (denying Liebowitz motion for leave to proceed *pro hac vice*); Order, *Verch v. 121 Silicon Valley, Inc.*, No. 19-cv-5098 (N.D. Cal. Nov. 18, 2019) (granting motion to revoke Liebowitz's *pro hac vice* admission); Order to Show Cause, *Sands v. Epicstream, LLC*, No. 19-cv-345 & *Masi v. Mythical Entm't*, No. 19-cv-438 (E.D.N.C. Oct. 29, 2019) (requiring Liebowitz to show why he should not be disqualified for contravening local rule regarding special appearances); Order of Disbarment, *In the Matter of Richard P. Liebowitz*, No. 19-mc-80228 (N.D. Cal. Oct. 7, 2019) (removing Liebowitz from membership roll of the court bar). He has done nothing to burnish his reputation in this action.

Dated: January 7, 2020          Respectfully submitted,

/ s / Dan Booth
Dan Booth
Dan Booth Law LLC
60 Thoreau Street #121
Concord, MA 01742
dan@danboothlaw.com

*Counsel for Defendant PopMatters Media, Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this January 7, 2020, the foregoing Motion to Strike, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, including Plaintiff's duly designated local counsel.

                                          / s /  Dan Booth
                                          Dan Booth