IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLEN CRAIG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 19 C 5596 |
| v. ) | |
| ) | Judge Ronald A. Guzmán |
| POPMATTERS MEDIA, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant's motion to strike memorandum in opposition to motion [27] is stricken, and the motion hearing noticed for January 9, 2020 is stricken. Plaintiff's memorandum of law in opposition to defendant's motion for attorneys' fees and sanctions [25] is stricken.

## STATEMENT

Yesterday, defendant filed its reply brief on its motion for attorneys' fees. It also filed with its reply a motion to strike plaintiff's memorandum. The motion is overkill, thus in keeping with defendant's approach to these proceedings. Defendant easily could have incorporated into its reply its arguments for striking plaintiff's brief. Instead, it filed a six-page motion, more than half of which recites the procedural history of this case. That history, with which the Court is quite familiar, is obvious from the docket entries. Defendant's motion to strike therefore is itself stricken as unnecessary, and the time counsel spent on that motion is not compensable.

At the time defendant filed its motion to strike, the Court had drafted, but not yet issued, an order stating the following. Plaintiff's memorandum of law in opposition to defendant's motion for attorneys' fees and sanctions [25] is stricken and will not be considered by the Court, for two reasons. First, the brief exceeds the 15-page limit set forth in Local Rule 7.1, and plaintiff did not seek prior approval of the Court to file an oversize brief. There is no reason why plaintiff could not have responded to defendant's motion within the allotted 15 pages. Second, plaintiff's brief was submitted solely by attorney Richard Liebowitz, whose signature block states, "*pro hac vice* application forthcoming."[1] (ECF No. 25, Pl.'s Mem. Opp'n at 21.) Prior to plaintiff's dismissal of this case, however, the Court gave plaintiff's counsel a deadline of October 15, 2019 by which to comply with Local Rules 83.14 and 83.16, which, respectively, require attorneys who are not members of this court's bar to file *pro hac vice* petitions and pay the corresponding fee, and require attorneys to file appearance forms. Pursuant to Mr. Liebowitz's motion of October 16, 2019, in

---

[1] This representation of a "forthcoming" filing was made on December 24, 2019, and to date—over two weeks later—nothing more has been filed.

which he stated that he was in the process of "putting together" his *pro hac vice* motion, (ECF No. 8), the Court subsequently extended that deadline to October 22, 2019. The Court stated in its order that there would be no further extensions of that deadline. Subsequently, plaintiff voluntarily dismissed the case, but Mr. Liebowitz never filed a *pro hac vice* petition by the deadline, and to date he still has not sought to comply. Accordingly, the Court will not permit him to file documents in this proceeding. Defendant's bill of costs and motion for fees are taken under advisement, and the Court will rule without a response from plaintiff.

The parties would be well advised to promptly attempt to resolve their dispute regarding fees, and if they do so, to notify the Court at the earliest opportunity. It is likely that the Court will award some fees, but not the full amount defendant seeks, because any fee award must be reasonable. The Court will issue an order on defendant's fee motion no earlier than January 13, 2020.

**DATE**:   January 8, 2020

_____
**Ronald A. Guzmán**
**United States District Judge**

2