IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLEN CRAIG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 19 C 5596 |
| v. | ) |
| | ) Judge Ronald A. Guzmán |
| POPMATTERS MEDIA, INC., | ) |
| | ) |
| Defendant. | ) |

### ORDER

Defendant's motion for an award of attorneys' fees [24] is granted in part and denied in part. Pursuant to 17 U.S.C. § 505, the Court orders plaintiff, Glen Craig, to pay the prevailing party, defendant PopMatters Media, Inc., attorneys' fees in the amount of $24,040.45. On defendant's bill of costs [19], defendant is awarded costs in the amount of $150.00. The Clerk of Court is directed to tax costs against plaintiff and in favor of defendant in the amount of $150.00.

### STATEMENT

On October 19, 2019, plaintiff, Glen Craig, voluntarily dismissed this action. Before the Court is defendant's bill of costs as well as its motion for an award of attorney's fees under 17 U.S.C. § 505 or, in the alternative, under 28 U.S.C. § 1927. On January 8, 2020, the Court entered an order striking plaintiff's memorandum in opposition to defendant's motion, because (1) it was excessively long without plaintiff having sought leave of court, and (2) plaintiff's counsel had failed to comply with a previous order directing him to file an application to appear *pro hac vice*. The Court took defendant's bill of costs and fee motion under advisement and indicated that a ruling would be issued without a response from plaintiff.

Craig alleged in his complaint that defendant, PopMatters Media, Inc., infringed his copyright by impermissibly displaying on its website Craig's photograph depicting jazz musician Miles Davis. This case is a refiling of an action that Craig first filed in the Southern District of Illinois. After PopMatters raised objections to personal jurisdiction and venue there, Craig voluntarily dismissed that action. He refiled his claim in this court on August 19, 2019. On October 18, 2019, PopMatters filed a motion for entry of an order requiring Craig to pay the attorneys' fees and costs PopMatters incurred in the Southern District action, and to stay this case until those costs were paid.

The following day, Craig filed a notice of dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). The dismissal notice states that it is "without prejudice," (ECF No. 16), but that declaration does not make it so. The privilege of dismissing a federal suit without prejudice to refiling may be used only once. *Dvorak v. Granite Creek GP Flexcap I, LLC*, 908 F.3d 248, 249 (7th Cir. 2018). Craig used that privilege when he dismissed the Southern District case, so his dismissal of this case operated as a with-prejudice dismissal, an adjudication on the merits. *See id.* (citing Fed. R. Civ. P. 41(a)(1)(B) ("[I]f the plaintiff previously dismissed any federal . . . action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.")).

PopMatters seeks attorneys' fees under the Copyright Act, which authorizes the court to "award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. "There is no question that a dismissal with prejudice makes the defendant the prevailing party for purposes of an award of attorney's fees under § 505." *Mostly Memories, Inc. v. For Your Ease Only, Inc.*, 526 F.3d 1093, 1099 (7th Cir. 2008). "This is no less true when a case is dismissed because the plaintiff 'threw in the towel'—that is, where the dismissal is on the plaintiff's own motion.'" *Id.* The prevailing party in copyright litigation is "presumptively" entitled to an award of reasonable attorneys' fees under § 505. *Id.* Plaintiff's memorandum in opposition to defendant's motion was stricken, so plaintiff has failed to rebut this presumption, and the Court sees no reason not to award defendant its reasonable attorneys' fees. The Court considers the totality of the circumstances, including the frivolousness of claims, the motivation of the parties, objective unreasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence. *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016). The circumstances here favor an award of attorneys' fees. Defendant has presented persuasive evidence and argument that it has substantial defenses to plaintiff's copyright claim—that defendant's use was licensed and that plaintiff's photograph was a work made for hire—and that plaintiff's motivation in filing this action was to obtain proceeds from a settlement rather than to protect against infringing use of his copyright. *See generally Design Basics, LLC v. Lexington Homes, Inc.*, 858 F.3d 1093, 1097 (7th Cir. 2017) ("In recent years, opportunistic holders of copyrights, patents, and other intellectual property have developed unsavory reputations for "trolling," bringing strategic infringement claims of dubious merit in the hope of arranging prompt settlements with defendants who would prefer to pay modest or nuisance settlements rather than be tied up in expensive litigation."). Plaintiff's dismissal of this case appears to have been an effort to avoid paying fees for the first action and/or to avoid a decision on the merits.

PopMatters seeks a total fee award of $39,562.50, for 90.5 hours of work by its primary counsel, Dan Booth, at an hourly rate of $425.00, and 4.4 hours of work by its local counsel, Scott Kane Stukel, at an hourly rate of $250.00, as well as $32.95 in local travel expenses incurred by Stukel. Reasonable attorneys' fees are generally calculated by the lodestar method, which requires the Court to multiply the number of hours reasonably expended on the matter by a reasonable hourly rate. *Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 856 (7th Cir. 2009). The number of hours reasonably expended on a matter does not include those that are excessive, redundant, or otherwise unnecessary. *Chwarzynski v. Tebbens*, No. 07 C 2102, 2008 WL 4210661, at *2 (N.D. Ill. Sept. 10, 2008). If any time entry is too vague to allow an assessment of reasonableness, the Court may disregard it. *Id.*

The Court will begin with Stukel's time entries. Stukel spent minimal time on this matter in his role as local counsel, and his billing records demonstrate that the time he spent was reasonable and necessary. Fees will therefore be awarded defendant for Stukel's 4.4 hours of work and his $32.95 in local travel expenses for a court appearance. *See, e.g., Chapman v. Wagener Equities, Inc.*, No. 09 C 7299, 2017 WL 2973420, at *1 (N.D. Ill. July 12, 2017) (attorney travel expenses are recoverable as a part of attorneys' fees).

There are some problems, however, with Booth's time entries. The Court indicated in its order of January 8, 2020 that the time Booth spent on defendant's motion to strike plaintiff's memorandum in opposition to defendant's motion for attorneys' fees (which the Court has calculated to be 3.5 hours) is not compensable, because the motion was unnecessary. Booth also includes several time entries totaling 3.2 hours for clerical tasks, such as preparing and compiling exhibits, preparing notices of motion, filing documents, and contacting the courtroom deputy, which the Court will disallow. *See, e.g., Nichols v. Ill. Dep't of Transp.*, No. 12 C 1789, 2019 WL 157915, at *6-7 (N.D. Ill. Jan. 10, 2019). Moreover, certain time entries totaling 2.9 hours (three on 10/20/19 and two on 11/7/19) are described too vaguely for the Court to assess their reasonableness. Thus, the Court will subtract 9.6 hours (3.5 hours + 3.2 hours + 2.9 hours) from the amount sought with respect to Booth's time entries, which leaves a total of 80.9 hours. These remaining hours reflect more substantive tasks, but there are also problems here. The number of hours Booth devoted to communicating via email with his client and local counsel is excessive; it strikes the Court that much of this communication could have been done more expeditiously via telephone, and less often. And, most significantly, the time Booth spent researching and drafting defendant's filings was excessive. For this type of work, Booth billed over 20 hours preparing defendant's motion for entry of an order requiring plaintiff to pay the attorneys' fees defendant incurred in the Southern District action; 6.3 hours on an eight-page, single-spaced letter to opposing counsel in an attempt to resolve fee disputes under Local Rule 54.3; over 5 hours on what should have been a simple motion seeking instructions from the Court under Rule 54.3 with respect to the parties' fee dispute; and over 20 hours on defendant's reply to plaintiff's response to defendant's fee motion (a response that defendant also sought to strike). This time was excessive. Defendant's filings and declarations in support of its filings were needlessly lengthy. They recited and reiterated in inordinate detail the facts behind the creation of plaintiff's photograph, the procedural history of the case, and plaintiff's counsel's history of copyright litigation. For example, a single footnote in defendant's reply brief on its fee motion contains citations to fifteen federal-court decisions supporting its argument that plaintiff's counsel's firm's "rare litigated victories in copyright cases are far overshadowed by its many losses on a wide range of substantive grounds," (ECF No. 26, Def.'s Reply at 13), a point of no utility to the Court in deciding the fee motion. Unfortunately, the fee matter became the tail that wagged the dog. In the Court's view, the legal work undertaken by Booth on this case of very brief duration should reasonably have taken two-thirds of the hours he billed for it. The Court therefore reduces by one-third Booth's remaining 80.9 hours, which results in a total of 53.9 hours of compensable work attributable to Booth.

The next task is to determine whether counsel's hourly rates are reasonable. The Seventh Circuit has held that in a copyright case, "the best value of the lawyer's services is what the client agrees to pay him." *Bell v. Lantz*, 825 F.3d 849, 854 (7th Cir. 2016). Booth submits a declaration in which he states that he charged PopMatters, and PopMatters agreed to pay him, his

standard rate of $425.00 per hour for his services in this action. Furthermore, Booth submits (1) evidence that in 2013, one of his clients was awarded fees at the hourly rate of $409.00, Booth's standard rate at the time, in an action in the Southern District of Illinois; and (2) survey evidence that his hourly rate is less than the average rate charged by partner-level attorneys in intellectual-property matters in the Chicago area. Local counsel, Stukel, submits a similar declaration in which he states that he charged PopMatters, and PopMatters agreed to pay him, $250.00 per hour for his services in this action, and that PopMatters has already paid him in full for his services. Stukel also submits (1) evidence that in 2019, a Cook County Circuit Court awarded one of his clients fees at Stukel's hourly rate of $250.00, and (2) survey evidence that his hourly rate is well below that charged by private-law-firm attorneys in Chicago with similar years of experience in intellectual-property law. The Court therefore finds that the hourly rates that Booth and Stukel charged PopMatters are reasonable.

Accordingly, the Court finds that defendant's lawyers reasonably spent a total of 58.3 hours—53.9 hours by Booth and 4.4 hours by Stukel—defending this suit and pursuing fees, at the reasonable hourly rates of $425.00 for Booth and $250.00 for Stukel. The Court awards defendant $24,040.45 ($22,907.50 for Booth's work and $1,100.00 for Stukel's work, plus $32.95 in travel expenses Stukel incurred) in reasonable attorneys' fees under the Copyright Act, 17 U.S.C. § 505. In light of this ruling, the Court need not reach defendant's argument in the alternative that a fee award is proper under 28 U.S.C. § 1927.

As the prevailing party, defendant filed a bill of costs seeking reimbursement of the $150.00 *pro hac vice* appearance fee for Booth, which is taxable as a fee of the clerk under 28 U.S.C. § 1920(1). *See United States v. Emergency Med. Assocs. of Ill., Inc.*, 436 F.3d 726, 730 (7th Cir. 2006); *Manley v. Boat/U.S., Inc.*, No. 13 C 5551, 2019 WL 5456990, at *2 (N.D. Ill. Oct. 24, 2019); *Boogaard v. Nat'l Hockey League,* No. 13 C 4846, 2017 WL 5517231, at *1 (N.D. Ill. Nov. 17, 2017). Therefore, the Court will award defendant $150.00, the full amount sought in the bill of costs.

**DATE:** March 23, 2020

*[signature]*

**Hon. Ronald A. Guzmán**
**United States District Judge**