UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GLEN CRAIG<br><br>    Plaintiff,<br><br>  - against –<br><br>POP MATTERS MEDIA, INC.<br><br>    Defendant. | Docket No. 1:19-cv-05596-RAG) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION AND TO VACATE THE COURT'S FEE AWARD UNDER 60(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**INTRODUCTION**

Plaintiff Glen Craig ("Plaintiff" or "Craig"), via counsel, respectfully submits this memorandum of law in support of his motion for reconsideration of the Court's order, dated March 23, 2020 [Dkt. #30] which awarded Defendant PopMatters Media, Inc. ("Defendant" or "PopMatters") its attorneys fees and costs under the Copyright Act.

First, the Court's decision is based on a rule of "presumptive entitlement" to attorneys' fees which is directly contrary to controlling U.S. Supreme Court law. Under section 505 of the Copyright, the High Court instructs that cases are to be treated on a particularized basis, rather than "as a matter of course." Under U.S. copyright law, there is no automatic presumption that a prevailing party be awarded its fees, particularly as the American Rule generally forecloses fee-shifting.

Second, the Court violated Plaintiff's right to Due Process under the Fourteenth Amendment by declining to consider Plaintiff's timely filed opposition brief. If the Court sought to penalize Plaintiff for filing an extensive brief, then the appropriate relief was to either strike the additional pages or afford Plaintiff the opportunity to re-file a brief that was compliant with the Local Rule. However, the Court's decision to award a substantial fee award to Defendant without even considering any arguments in opposition, which were timely filed, plainly violates Plaintiff's right to due process and cannot be sustained under the U.S. Constitution. Plaintiff should not be saddled with a crushing fee award based on a peripheral technicality that could have been readily cured.

Third, there can no dispute that Defendant expropriated Plaintiff's Photograph and republished it on a commercial platform without Craig's permission. Such conduct exposes PopMatters to objectively reasonable litigation regardless of whether Craig opted

2

to voluntarily withdraw his claim as a measure to conserve resources. There is nothing in the record which suggests that Craig's claim is frivolous or unreasonable. Indeed, the Plaintiff's lawsuit is objectively reasonable as to the facts pled to support the claim.

As a result, the Court's award of attorneys' fees should be vacated in its entirety.

## **LEGAL STANDARD**

Motions to reconsider are permitted in this District. *Birdo v. Dave Gomez*, 214 F. Supp. 3d 709, 714 (N.D. Ill. 2016) (citing *Patrick v. City of Chicago*, 103 F.Supp.3d 907, 911 (N.D. Ill. 2015). The Federal Rules of Civil Procedure allow a court to alter or amend a judgment only if the moving party can demonstrate "a manifest error of law or present newly discovered evidence." *Flint v. City of Belvidere*, No. 11–CV–50255, 2014 WL 11397797, at *1 (N.D. Ill. June 17, 2014) (citing *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008)). A party asserting such an error must show "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Such error occurs "when a district court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Patrick*, 103 F.Supp.3d at 912 (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)).

Rule 60(b)(1) of the Federal Rules of Civil Procedure provides in relevant part that "the court may relieve a party . . . from a[n] . . . order . . . for the following reasons: (1) mistake . . ." Fed. R. Civ. P. 60(b)(1). "Rule 60(b)(1) motions premised upon 'mistake' are intended to provide relief to a party when the judge has made a

3

substantive mistake of law or fact in the final judgment or order." *Lugo v. Artus*, No. 05-cv-1998 (SAS), 2008 WL 312298, at *2 (S.D.N.Y. Jan. 31, 2008) (citation and internal quotations omitted). "Thus, Rule 60(b)(1) motions can be used by a trial court to correct judicial errors." *Id., citing International Controls Corp, v. Vesco,* 556 F.2d 665, 670 (2d Cir.1977) (stating that district court's mistake of "substantive legal nature" may be corrected under Rule 60(b)(1)); *see also Kingvision Pay-Per-View Ltd. v. Lake Alice Bar,* 168 F.3d 347, 350 (9th Cir.1999) ("[T]he words 'mistake' and 'inadvertence' . . . may include mistake and inadvertence by the judge.")

As more fully detailed below, Plaintiff's motion for reconsideration under Rule 60(b)(1) satisfies the applicable standards.

## ARGUMENT

**POINT I:** **THE COURT'S RULING THAT DEFENDANT HAS A "PRESUMPTIVE ENTITLEMENT" TO ATTORNEYS' FEES IS DIRECTLY CONTRARY TO U.S. SUPREME COURT LAW**

Section 505 of the Copyright Act provides that a district court "in its discretion may ... award a reasonable attorney's fee to the prevailing party" in a copyright action. 17 U.S.C. § 505. "[A] district court may not award attorney's fees as a matter of course; rather, a court must make a more particularized, case-by-case assessment." *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016) (internal alteration and quotation omitted). In determining whether to award attorney's fees, a court may consider factors such as "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence . . . so long as such factors are faithful to

4

the purposes of the Copyright Act . . . ." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994).

The Supreme Court has decided two cases addressing how Section 505 should be applied: *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994), and *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016). In *Fogerty*, the Supreme Court rejected the District Court's position here that attorneys' fees in copyright infringement cases should be awarded to prevailing parties presumptively, i.e., as a "matter of course." 510 U.S. 517 (1994). In *Fogerty*, the Supreme Court rejected the prevailing defendant's argument that "both prevailing plaintiffs and defendants should be awarded attorney's fees as a matter of course, absent exceptional circumstances," observing that Congress had clearly not intended to adopt the "British Rule" for fee-shifting. *Id.* at 533.

Moreover, an award of fees must be "faithful to the purposes of the Copyright Act," and "applied to prevailing plaintiffs and defendants in an evenhanded manner." *Id. Kirtsaeng v. John Wiley & Sons, Inc.* In *Kirtsaeng*, the Supreme Court "provid[ed] further guidance" concerning the application of the aforementioned nonexclusive *Fogerty* factors. 136 S. Ct. 1979, 1985 (2016). The High Court held that courts should give "substantial weight to the objective (un)reasonableness of a losing party's litigating position." *Id.* at 1986.

In sum, *Fogerty* and *Kirtsaeng* are clear that district courts must make "particularized, case-by-case assessment[s]" of attorney's fees - a mandate that is at odds with a "presumptive entitlement" to fees in certain types of cases. *Kirtsaeng*, 136 S. Ct. at 1985; *see also Jovani Fashion, Ltd.*, 820 F. Supp. 2d 569, 575 (S.D.N.Y. 2011) ("[T]he [presumptive entitlement rule] appears to conflict with the Supreme Court's holding

5

in *Fogerty* that fee-shifting is a matter for the district court's discretion, that prevailing defendants and plaintiffs are to be evaluated 'alike' and 'in an evenhanded manner,' and that the Copyright Act did not adopt 'the British Rule for automatic recovery of attorney's fees by the prevailing party.'").

Because the Court's award of attorneys' fees in this case primarily relied on a "presumptive entitlement" standard which conflicts with U.S. Supreme Court law, the attorneys' fee award must be vacated in its entirety.

**POINT II:** **THE COURT UNJUSTIFIABLY DENIED PLAINTIFF THE RIGHT TO DUE PROCESS FOR STRIKING HIS TIMELY FILED OPPOSITION BRIEF *IN ITS ENTIRETY***

The Fourteenth Amendment prohibits governmental actions which deprive "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. *Toney v. Burris*, 650 F. Supp. 1227, 1234 (N.D. Ill. 1986), rev'd, 829 F.2d 622 (7th Cir. 1987). "An inquiry into whether there has been a denial of procedural due process, as has been alleged here, has two steps." *Id.* "First, it must be established that the plaintiff has a life, liberty, or property interest." *Id.* "Second, it must be established that the plaintiff was deprived of that interest without being afforded the procedural protections mandated by the fourteenth amendment." *Id.*

Here, Plaintiff has a property right consisting of his valid copyright to the Photograph. Plaintiff also has a right to be free from arbitrary fee awards imposed under the Copyright Act, particularly in the absence of adjudication on the merits. The Court deprived Plaintiff of his right to due process under the Fourteenth Amendment by arbitrarily striking his timely filed opposition brief and then ruling in Defendant's favor as if no opposition had been filed.

6

If the Court sought to penalize Plaintiff for filing an extensive brief, then the appropriate relief was to either strike the additional pages or afford Plaintiff the opportunity to re-file a brief that was compliant with the Local Rule. However, the Court's decision to award a substantial fee award to Defendant without even considering any arguments in opposition, which were timely filed, plainly violates Plaintiff's right to due process and cannot be sustained under the U.S. Constitution.

**POINT III:** **PLAINTIFF'S CLAIM WAS OBJECTIVELY UNREASONABLE**

A lawsuit or litigation position is objectively reasonable if it has "a reasonable basis in law and fact." *Zalewski v. Cicero Builder Dev., Inc.*, 754 F.3d 95, 108 (2d Cir. 2014). A "lack of success on the merits, without more, does not establish that the non-prevailing party's position was objectively unreasonable." *Overseas Direct Imp. Co. v. Family Dollar Stores Inc.*, No. 10-cv-4919 (JGK), 2013 WL 5988937, at *2 (S.D.N.Y. Nov. 12, 2013); *see also Kirtsaeng*, 136 S. Ct. at 1988 ("No matter which side wins a case, the court must assess whether the other side's position was (un)reasonable.... Courts every day see reasonable defenses that ultimately fail...."). A position is objectively unreasonable if it is "clearly without merit or otherwise patently devoid of legal or factual basis." *Jovani Fashion, Ltd. v. Cinderlla Divine, Inc.*, 820 F. Supp. 2d 569, 573 (S.D.N.Y. 2011) (internal quotation omitted)

The "mere fact that a [party] has prevailed does not necessarily equate with an objectively unreasonable claim." *Berry v. Deutsche Bank Trust Co. Am.*, 632 F. Supp. 2d 300, 305 (S.D.N.Y.2009) (citation, quotation marks, and ellipsis omitted).

Here, Plaintiff has advanced an objectively reasonable claim under the Copyright Act because his claim has both factual and legal support. Defendant's claims that it was

7

licensed to use the Photograph or that Craig was "work-for-hire" are entirely speculative and not supported by any admissible evidence. In the absence of a full and fair adjudication on the merits, the Court's conclusion that Defendant set forth meritorious defenses is premature and conclusory. Therefore, there is no basis for the Court to conclude that Plaintiff's claim lacked merit.

**POINT IV:    PLAINTIFF'S CLAIM WAS PROPERLY MOTIVATED**

The Court's conclusion that Plaintiff's claim was motivated by extracting an unreasonable settlement is both speculative and inconsistent with the purpose of the Copyright Act.

First, the Court's conclusion is based on speculation that the licensing fee for an iconic image would be modest, and thus the value of the copyright is low. But there is record evidence to support this conclusion.

Second, even if the damages to be obtained are modest, it is no little consequence because "[t]he Copyright Act is intended, not only for a plaintiff to obtain damages for infringement, but to deter the infringers and other potential infringers from infringing on copyrighted works." *Bell v. Taylor*, No. 1:13-CV-00798-TWP, 2014 WL 902573, at *2 (S.D.Ind. Mar. 7, 2014) (citing *F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 231–33, 73 S.Ct. 222, 97 L.Ed. 276 (1952); *F.E.L. Pub'ns, Ltd. v. Catholic Bishop of Chi.*, 754 F.2d 216, 219 (7th Cir.1985)).

Here, Plaintiff's claim is properly motivated because this lawsuit seeks to vindicate the public interest by ensuring that the rights of individual photographers are protected against the corporate entities which seek to exploit their property without authorization. Plaintiff's claim is also motivated by a larger effort, spearheaded by

8

Plaintiff's counsel, to establish a fully functioning licensing market for commercial use of images taken from social media.

To discredit Plaintiff's right to enforce his copyright, simply because the perceived value may be modest, would be akin to denying the right of a storeowner to prosecute a shoplifter for stealing merchandise just because the value of the merchandise is of low value. When it comes to securing intellectual property rights, which are enshrined in the Constitution, it's not just about the money at stake. It's the principal of ensuring that the rights of individual Artists are not trampled upon by corporate media outfits.

## CONCLUSION

Based on the foregoing, the Court should grant Plaintiff's motion for reconsideration and vacate its Order [Dkt. #30] in its entirety.

Respectfully submitted,

LIEBOWITZ LAW FIRM, PLLC

**s/richardliebowitz/**
Richard Liebowitz, Esq.
11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
516-233-1660
RL@LiebowitzLawFirm.com

*Counsel for Plaintiff Glen Craig*

9